IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00245-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHAWN MICHAEL VENCEL,

        Defendant.

---

## DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
## ONE HUNDRED EIGHTY (180) DAYS FROM THE SPEEDY TRIAL ACT

---

The Defendant, Shawn Michael Vencel ("Mr. Vencel"), by and through undersigned counsel, David E. Johnson, hereby moves this Court for an Order excluding one hundred eighty (180) days from the speedy trial time limitations. The government does not oppose the Motion. In support of this Unopposed Motion, Mr. Vencel states as follows:

**I.      Introduction: Procedural Background and Speedy Trial Calculation**

1.      On February 28, 2020, a Criminal Complaint was filed in this case, alleging a violation of 18 U.S.C. § 1341, Mail Fraud. At the time the Complaint was filed, Mr. Vencel was in Boulder County Jail on pending state matters. Eventually, Mr. Vencel posted bond in the pending Boulder County cases, and he was taken into federal custody and arrested pursuant to the Criminal Complaint. *See* Doc. 6. He made his initial appearance in this case on July 14, 2020. *See* Doc. 7. Undersigned counsel entered his appearance the next day, July 15, 2020. Doc. 10.

2.      A Detention and Preliminary Hearing were held on July 17, 2020. Doc. 17.

Mr. Vencel waived his Preliminary Hearing, but sought bond due to his eye condition,

Keratoconus, and accompanying need for medical treatment. *See* Doc. 16. The

magistrate judge ordered Mr. Vencel detained, but requested that the parties work to

find out whether Mr. Vencel would be able to obtain his needed medical care while U.S.

Marshal custody.

3.      On August 5, 2020, a three-count indictment was filed in this case,

alleging a violation of 18 U.S.C. § 1341, Mail Fraud (Count 1); 18 U.S.C. § 1028A,

Aggravated Identity Theft (Count 2); and 21 U.S.C. § 843(a)(3) and (d)(1), Fraudulently

Obtaining a Controlled Substance (Count 3). The next day, August 6, Mr. Vencel pled

not guilty at his arraignment and discovery conference. Doc. 24.

4.      According to the discovery conference memorandum, the current Speedy

Trial Act 70-day time limit is October 14, 2020.  Doc. 25 at 8.  An extension of 180 days

would move the 70-day date to April 12, 2021, not counting the number of days tolled

due to the filing of the instant motion while it remains pending.

## II.      Justification for an Extension

5.      First, discovery in this case is quite voluminous. The government has

been continuously providing discovery to Mr. Vencel: on August 7, August 17, and

August 31. As of this filing, counsel estimates over 20,500 pages of discovery have

been produced, in addition to numerous spreadsheets and approximately 60 audio-

visual files.

6.      Second, counsel's office continues to be working remotely due to the global health emergency. Because of that and because of the nature and volume of the discovery, it has been time consuming to format and organize the discovery, and transfer it into a program to assist counsel's review.  Counsel and his office have begun a review of discovery, but it is time-consuming.

7.      Given the volume of discovery and counsel's remote work environment, counsel will not be able to adequately represent Mr. Vencel under the current dates and deadlines.

8.      Third, due to the ongoing global health emergency, counsel does not anticipate meeting in person with Mr. Vencel in the near future. While that expectation may change, counsel and his office have been relying on telephone communication with Mr. Vencel.  If those conversations must continue to occur over the phone, as expected, those telephone conversations will require more time, as the explanation of complex legal and factual topics is generally more difficult to do over the phone than in person. Additional time will be needed in this case to confer with Mr. Vencel about his case.

9.      Fourth, additional time is needed due to Mr. Vencel's medical condition. Mr. Vencel has been diagnosed with Keratoconus.  He was granted bond in his pending Boulder County cases in order for him to obtain treatment for that condition.  *See* Doc. 16-1. While Mr. Vencel was denied a federal bond, the magistrate judge at his detention hearing was concerned that Mr. Vencel obtain treatment for his advanced eye condition. Undersigned counsel and his office have devoted time and resources to that issue in the seven weeks since his detention hearing. That inquiry is ongoing.

3

10.     In sum, given the nature of this case, the volume of discovery, the current working environment of a pandemic that is not conducive to in-person meetings, and the existence of Mr. Vencel's eye condition that continues to require counsel and his office's attention, a 180-day extension of time is necessary.

11.     Counsel and his office have been diligent.  Organization and review of the discovery has begun and that process is ongoing.  Counsel has also spoken with Mr. Vencel numerous times on the phone.  Counsel has also discussed the case with government counsel.  Counsel and his office have devoted substantial time on Mr. Vencel's eye condition and his ability to obtain treatment while in U.S. Marshal custody. Despite diligence, additional time is needed.

12.     Despite counsel and his office's diligence, counsel does not believe he will be able to effectively represent Mr. Vencel on such matters under the currently set deadlines and dates.  Accordingly, it is requested that 180 days be excluded from the computation of the Speedy Trial Act clock. Undersigned counsel believes that the ends of justice are best served by the granting of a 180-day continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and that such interests outweigh the best interest of the public and Mr. Vencel in a speedy trial.

13.     Undersigned counsel conferred with the government about the instant motion.  Assistant United States Attorney Bryan Fields expressed no objection to the current request.

4

### III.    Standard for Continuances

14.    Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a

period of delay from computing the time within which a trial must commence where "the

ends of justice served by taking such action outweigh the best interest of the public and

the defendant in a speedy trial."  The factors to be considered in such an evaluation are

listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

15.    Pertinent factors that apply to an "ends of justice" finding in the present

case include:

> (i) Whether the failure to grant such a continuance in the
> proceeding would be likely to make a continuation of such
> proceeding impossible, or a result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the
> number of defendants, the nature of the prosecution, or the
> existence of novel questions of fact or law, that it is unreasonable to
> expect adequate preparation for pretrial proceedings or for the trial
> itself within the time limits established by this section.
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case
> which, taken as a whole, is not so unusual or so complex as to fall
> within clause (ii), would deny the defendant reasonable time to
> obtain counsel, would unreasonably deny the defendant or the
> Government continuity of counsel, or would deny counsel for the
> defendant or the attorney for the Government the reasonable time
> necessary for the effective preparation, taking into account the
> exercise of due diligence.

18 U.S.C. §3161(h)(7)(B).  *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69

(10th Cir. 2009).

16.    In the similar context of addressing trial continuances, the Tenth Circuit

has set forth four factors that the Court should consider.  *See United States v. West*,

828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. See *id.* No single factor is determinative. *See id.*

17.     The decision to grant an "ends of justice" continuance is within the sound discretion of the Court. *Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1390 (2010).

## IV.    Argument

18.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West.* Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 180 days from the speedy trial calculations.

19.     Given the circumstances described above in paragraphs 5 through 9, this case is unusual and complex such that the current time limits are insufficient to ensure adequate representation. 18 U.S.C. § 3161(h)(7)(B)(ii). Further, the ends of justice will

6

be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

20.     Undersigned counsel requires 180 days to complete the tasks identified above, including organizing and reviewing the voluminous discovery, meeting with and advising Mr. Vencel, engaging in further discussion with the government, preparing appropriate pre-trial motions, and preparing for trial.

21.     Applying the *West* factors:

a.     The defense has exercised diligence.  As explained in paragraph 11 above, counsel and his office have devoted time and resources to Mr. Vencel's case. Nevertheless, additional time will be needed in order to effectively represent Mr. Vencel.

b.     It is anticipated that granting the requested continuance will accomplish counsel's need for additional time.  If granted, counsel believes he will have the necessary time to complete a review of discovery and investigate Mr. Vencel's case. Thus, the continuance, if granted, would accomplish the purpose underlying the need for the continuance.

c.     The government does not object to the defense's request for a continuance.  Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.  Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which

7

would cause such a problem.  As always, counsel is happy to cooperate with the Court

to lessen the chance of inconvenience.

        d.    The final *West* factor is the need asserted for the continuance, and

the harm that the defendant might suffer as a result of a denial.  The need for the

continuance is described throughout this motion. *See supra* Part II.  Without the

requested continuance, defense counsel will be unable to adequately review discovery,

confer with Mr. Vencel, conduct a complete investigation, file appropriate motions (if

necessary), and prepare for trial.  Without the exclusion of a period of time from the

speedy trial calculations, defense counsel will be unable to provide effective assistance

of counsel, and Mr. Vencel's right to be effectively represented in these proceedings will

be seriously damaged.

## V.    Conclusion

        22.    WHEREFORE, Mr. Vencel respectfully requests that this Unopposed

Motion be granted, and this Court issue an Order pursuant to 18 U.S.C. §3161(h)(7)

excluding 180 days from the speedy trial time limitations.

                                  Respectfully submitted,

                                  VIRGINIA L. GRADY
                                  Federal Public Defender

                                  s/ David E. Johnson
                                  DAVID E. JOHNSON
                                  Assistant Federal Public Defender
                                  633 17th Street, Suite 1000
                                  Denver, CO  80202
                                  Telephone:  (303) 294-7002
                                  FAX:  (303) 294-1192
                                  David_johnson@fd.org
                                  Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, I filed the foregoing **DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE ONE HUNDRED EIGHTY (180) DAYS FROM THE SPEEDY TRIAL ACT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Bryan D. Fields, Assistant United States Attorney
E-mail: bryan.fields3@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Shawn Michael Vencel (via U.S. mail)

s/ David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
Attorney for Defendant

9