IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00245-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHAWN MICHAEL VENCEL,

        Defendant.

---

**DEFENDANT'S RENEWED UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED EIGHTY (180) DAYS FROM THE SPEEDY TRIAL ACT**

---

The Defendant, Shawn Michael Vencel ("Mr. Vencel"), by and through undersigned counsel, David E. Johnson, hereby files this Renewed Unopposed Motion for an Order excluding one hundred eighty (180) days from the Speedy Trial Act time limitations. In support of this Renewed Unopposed Motion, Mr. Vencel states:

    1.    On September 4, 2020, Mr. Vencel filed an Unopposed Motion to Exclude One Hundred Eighty (180) days from the Speedy Trial Act Calculation. *See* Doc. 26. Mr. Vencel incorporates the contents of that filing herein.[1]

    2.    The next business day, September 8, 2020, this Court denied Mr. Vencel's motion without prejudice. *See* Doc. 27. The Court expressed concern about the length of the requested continuance. This Court explained that it believed "a reasonable

---

[1] The current 70-day deadline is, as of this filing, October 21, 2020. The time from September 4 through September 8 was tolled due to the pendency of Mr. Vencel's motion. Doc. 26. Then, the time from September 9 continuing as of this filing has been tolled due to the pendency of the government's motion. Doc.28. The instant motion also tolls the Speedy Trial clock.

extension" would be appropriate but thought 180 days "seems unnecessary and a potential source of prejudice to the defendant himself and the public." *Id.*

3. Undersigned counsel has considered the Court's comments and is mindful of the Court's concern. However, counsel continues to believe that a 180-day continuance is necessary in order to effectively represent Mr. Vencel and is thus warranted under Section 3161(h)(7).

4. Undersigned counsel has also conferred with government counsel subsequent to this Court's Order. Mr. Fields expressed his continued belief that a 180-day continuance was "entirely reasonable." The government did not express any prejudice that would result from the continuance. The government conveyed that it continues not to oppose the renewed request.

5. Counsel has also specifically conferred with Mr. Vencel on both this Motion and the Court's Order at ECF Number 27. Mr. Vencel expressed his agreement with the instant motion. He identified no prejudice if the continuance were to be granted and, in fact, expressed concern about prejudice if the continuance were not granted.

6. Counsel understands that his original motion did not provide sufficient detail for the Court to understand why a 180-day continuance was reasonable. This motion is intended to remedy that deficiency.

7. Counsel first provides additional information about the discovery. Paper discovery thus far totals 20,627 pages. There are 46 audio files, 23 video files, and 21 spreadsheets. Just the organization of this discovery has taken significant time.

8.     Counsel understands that knowing the quantity of discovery alone does not provide the Court with the necessary detail to decide this motion. Without yet having gone through the discovery (obviously), he attempts to provide additional details on the discovery's substance. Specifically, on just the discovery production that occurred on August 7 alone, 650 unique documents were produced at that time (totaling 2,403 pages, or just approximately 13% of the current discovery production).  The audio recordings appear to range in lengths of approximately 5 minutes to 20 minutes each; the video files between 2 minutes up to 25 minutes.

9.     Approximately 25 law enforcement reports of individual witness interviews were produced.  These reports do not contain the contact information for many of these individuals (some of whom may not have stable contact information). Also, there are at least an additional four witness interviews where the witness is not identified by name. Locating, identifying and interviewing these witnesses will require hours of investigation.

10.    At this point in the case, the government is of course in a better position to know the contents of discovery. It described: "The government has provided over 4,500 items in discovery comprising voluminous documents, bank records, videos and investigative memoranda, as well as emails." Doc. 28 at ¶ 5.

11.    By the time trial occurs (if necessary), undersigned counsel has an obligation to ensure that he has reviewed *the entirety* of the discovery. He anticipates that will take months. Then, depending on what is uncovered in that review, counsel's own investigation and follow-up must occur. The government's investigation of Mr. Vencel, according to law enforcement, was initiated in early-October 2019.  Doc. 1 at

¶4. Their investigation took five months to result in a Complaint charging mail fraud. Doc. 1 (filed February 28, 2020).  Five additional months passed before an Indictment was returned in this case, with the adding of additional charges, to include aggravated identity theft and controlled substances. Doc. 1 (filed August 5, 2020).  By the time counsel first received discovery in this case in August 2020, the government had been investigating Mr. Vencel for eleven months.  It is unknown how long counsel's investigation will require, but such concerns have factored into counsel's 180-day request.

      12.     This Court commented on the case's appearance of a "relatively straightforward" case.  Doc. 27.  Based on his current discussions with government counsel and counsel's work done thus far, counsel believes such a description is not accurate and provides additional detail herein on that subject. The government has described that the "indictment charges one execution of a much larger scheme" and alleges an intended gain of almost $747,000 and the acquisition of almost $432,000 in money and property. Doc. 27 at ¶4. It alleges "victims in multiple states," and details the use of numerous "means and methods."  *Id.*  Counsel needs time to investigate these allegations, including the alleged loss amounts. (As this Court is aware, loss amounts are often of significant importance in fraud cases such as this.)  In counsel's experience, that is a time consuming process. The need to confer with expert(s) is common in these type of cases, often over loss amounts.

      13.     If a trial is necessary, a 180-day preparation time is quite reasonable, as the government's representation of its envisioned trial is also not straightforward.  The

government explained that "[t]rial in this matter will involve officers and civilian witnesses from [numerous] jurisdictions and dozens of exhibits." *Id.* "The government anticipates that trial in this matter will take approximately 10 days," *id.* at ¶5, but presumably that estimate does not include time necessary for Mr. Vencel's presentation of evidence (if any).

14. Separate from trial, the parties have engaged in early-stage discussions about a possible resolution of this case. Those discussions cannot progress without adequate time to review discovery, conduct initial investigation, research potential defenses or pretrial motions, and examine possible loss amount(s) at issue in this case.

15. Against the backdrop of plea negotiation is the prospect of a superseding indictment. *See* Doc. 28 at ¶5. Simultaneous with evaluating the current indictment, the defense must evaluate the government's prospective charges.

16. In addition to the above, this case presents a unique consideration: time and resources have been devoted (and will continue to be) to Mr. Vencel's need for medical treatment. This Court observed that Mr. Vencel "is either getting the treatment in custody (at taxpayer expense) or he is not." Doc. 27. Unfortunately, maneuvering the bureaucracy involved of obtaining medical care for an in-custody defendant, especially during a pandemic, has not been that simple. Undersigned counsel, his office, and the government have contacted relevant authorities in an attempt to answer the question: what is the status of Mr. Vencel's in-custody treatment and can/will it be obtained? Answering that question has required conferral with the following: Mr. Vencel's counselor at the facility he is currently housed at, the medical personnel at that facility,

the U.S. Marshals (USM) Office in Denver, the USM headquarters, the doctor Mr. Vencel visited while in Boulder County Jail relating to his condition, and various officials at Denver Health. These communications have been numerous, and often back-and-forth among the various actors involved.  As of this filing, the USM have approved a medical referral for Mr. Vencel, and the detention facility has submitted that referral to Denver Health. That referral to Denver Health was received on August 11, 2020 (four weeks after Mr. Vencel's initial appearance in this case).  The response from Denver Health concerning its ability to schedule an appointment for this in-custody Defendant – and when – is still pending, although follow-up inquires continue to occur.

17. Finally, counsel provides more detail on his diligence thus far. Prior to September 8, 2020, counsel's office has recorded approximately 112 hours of work into Mr. Vencel's case in the 39 business days since the case's inception in counsel's office on July 14. A significant amount of time and work has already gone into this case. That is expected to continue. Even still, the discovery review has just barely begun. It has become clear to counsel that this case will require a significant amount of time and resources.

18. If this Court continues to have questions or concerns concerning the reasonableness of the instant request, Mr. Vencel requests a hearing on the motion.

19. Concerning the government's pending motion, Mr. Vencel asks that the instant continuance motion be granted and defers to the Court as to whether a status conference or motions/trial dates should be set. *See* Doc. 28.

20.     WHEREFORE, Mr. Vencel respectfully requests that this Unopposed Renewed Motion be granted, and this Court issue an Order pursuant to 18 U.S.C. §3161(h)(7) excluding 180 days from the speedy trial time limitations.

>Respectfully submitted,
>
>VIRGINIA L. GRADY
>Federal Public Defender
>
>s/ David E. Johnson
>DAVID E. JOHNSON
>Assistant Federal Public Defender
>633 17th Street, Suite 1000
>Denver, CO  80202
>Telephone:  (303) 294-7002
>FAX:  (303) 294-1192
>David_johnson@fd.org
>Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on September 11, 2020, I filed the foregoing **DEFENDANT'S RENEWED UNOPPOSED MOTION TO EXCLUDE ONE HUNDRED EIGHTY (180) DAYS FROM THE SPEEDY TRIAL ACT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Bryan D. Fields, Assistant United States Attorney
E-mail:  bryan.fields3@usdoj.gov

   I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Shawn Michael Vencel (via U.S. mail)

            s/ David E. Johnson
            DAVID E. JOHNSON
            Assistant Federal Public Defender
            633 17th Street, Suite 1000
            Denver, CO  80202
            Telephone:  (303) 294-7002
            FAX:  (303) 294-1192
            David_johnson@fd.org
            Attorney for Defendant