```
 1                     UNITED STATES DISTRICT COURT
                          DISTRICT OF COLORADO
 2

 3   UNITED STATES OF AMERICA      .   Case No. 20-mj-00033-STV-1
                                   .
 4             Plaintiff,          .
                                   .   Alfred A. Arraj Courthouse
 5   vs.                           .   901 19th Street
                                   .   Denver, CO   80294
 6   SHAWN MICHAEL VENCEL          .
                                   .
 7             Defendant.          .   July 14, 2020
     . . . . . . . . . . . . . .       4:39 p.m.
 8
       TRANSCRIPT OF PROCEEDINGS HELD VIA VIDEOCONFERENCE BEFORE THE
 9        HONORABLE NINA Y. WANG, UNITED STATES MAGISTRATE JUDGE

10   APPEARANCES:

11   For the Plaintiff:            U.S. Attorney's Office-Denver
                                   By:  Bryan Fields
12                                 1801 California Street
                                   Suite 1600
13                                 Denver, CO   80202
                                   (303) 454-0100
14
     For the Defendant:            Office of the Federal Public
15                                 Defender-Denver
                                   By:  Kathleen Shen
16                                 633 Seventeenth Street
                                   Suite 1000
17                                 Denver, CO   80202
                                   (303) 294-7002
18
     Court Recorder:               Clerk's Office
19                                 U.S. District Court
                                   901 19th Street
20                                 Denver, CO   80294

21   Transcription Service:        AB Court Reporting & Video
                                   216 16th Street, Suite 600
22                                 Denver, CO   80202
                                   (303) 296-0017
23
     NOTE:   Poor quality audio.
24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1                    (Time noted 4:39 p.m.)
 2              THE COURT:  All right.  Who do I have?  Mr.
 3   Vencel?
 4              MR. VENCEL:  Vencel.  Yes, Ma'am.
 5              THE COURT:  All right.  So the next case we will
 6   call is United States of American versus Shawn Vencel, 20-mj-
 7   33.
 8              Could I have appearance of counsel, please?
 9              MR. FIELDS:  Good afternoon, Your Honor.  This is
10   Bryan Fields for the United States.
11              THE COURT:  Good afternoon, Mr. Fields.
12              MS. SHEN:  Hi.  Good afternoon, Your Honor.  This
13   is Kathleen Shen for Mr. Vencel.
14              THE COURT:  Good afternoon, Ms. Shen.
15              All right.  Mr. Vencel, can you hear me?
16              MR. VENCEL:  (Unintelligible).
17              THE COURT:  And can you see the other attorneys
18   appearing on your screen?
19              MR. VENCEL:  I can, indeed.  (Unintelligible) able
20   to see me?
21              THE COURT:  We can.
22              MR. VENCEL:  Yes.  Okay.
23              THE COURT:  The Court is conducting these
24   proceedings by video and teleconference pursuant to the CARES
25   Act and District Court General Order 2020-10 and 2020-12
```

1   (unintelligible) orders that certain pretrial criminal
2   proceedings take place by using remote attendance and other
3   social distancing means to the full extent practicable.  This
4   is based on the Court's response to the spread of COVID-19
5   and its efforts to assist in preserving the public's safety
6   and health during this national emergency.
7              Based on the District Court General Order 2020-10,
8   all persons participating in and attending these proceedings
9   remotely by telephone or teleconference are prohibited under
10  the penalty of contempt from recording or broadcasting these
11  proceedings in any manner.
12             Ms. Shen, you're appearing by your home office, is
13  that right?
14             MS. SHEN:  Yes, Your Honor.
15             THE COURT:  And, Mr. Vencel, to the extent that
16  you need to confer with your attorney during this proceeding,
17  you are allowed to do so, but I need you to let me know so
18  that we can make those necessary arrangements, okay?
19             MR. VENCEL:  Yes, (unintelligible).
20             THE COURT:  All right.
21             The proceedings for today are proceeding in the
22  same manner as they would be if we were all together in this
23  courtroom, but because of COVID-19 we are proceeding by
24  videoconference.
25             Have you had an opportunity, Mr. Vencel, to talk

 1  to your client [sic] about this proceeding and proceeding by
 2  videoconference?
 3              MR. VENCEL:  (Unintelligible) did speak with Ms.
 4  Shen earlier today.
 5              THE COURT:  And do you consent or agree to
 6  allowing us to proceed by videoconference?
 7              MR. VENCEL:  Yes.  That's fine.
 8              THE COURT:  All right.
 9              You're here today on an initial appearance because
10  you have been charged by complaint, I believe, on certain
11  crimes.  What I will do today is advise you of the
12  allegations against you, as well as the potential
13  consequences.
14              Could you state your name for the record and your
15  age, please?
16              MR. VENCEL:  John Michael (unintelligible).
17              THE COURT:  And do you understand English so that
18  we may proceed in English today?
19              MR. VENCEL:  Yes, ma'am.
20              THE COURT:  You have a right to remain silent and
21  are not required to make any statement.  If you've made a
22  statement, you're not required to say anymore.  If you start
23  to make a statement, you may stop at any time.  You may
24  consult with your attorney before any questioning.  You may a
25  have an attorney present during any questioning.  If you make

```
 1  a statement it may be used against you.
 2              Do you understand your right to remain silent?
 3              MR. VENCEL:  (Unintelligible).
 4              THE COURT:  You're entitled to an attorney in this
 5  case, which means you can consult an attorney and be
 6  represented at all stages of the proceeding, both in and out
 7  of court.  You have the right to retain counsel of your own
 8  choosing.  If you cannot afford an attorney the Court will
 9  appoint one for you at no cost.
10              Do you understand your right to an attorney?
11              MR. VENCEL:  Yes, I do.
12              THE COURT:  Would you like the Court to appoint a
13  lawyer for you?
14              MR. VENCEL:  (Unintelligible).
15              THE COURT:  I have in front of me your completed
16  financial affidavit with your signature at the bottom of the
17  page.  Do you recall filling out a document about your
18  finances?
19              MR. VENCEL:  (Unintelligible).
20              THE COURT:  Did you understand that you were doing
21  so under the penalty and pains a perjury, which means that
22  you're attesting that all of the information in the form is
23  true, you could be punished for perjury or lying if the
24  information on the form is false, which could subject you to
25  a fine and/or imprisonment.
```

```
 1                Do you swear under the penalty and pains of
 2   perjury that the information on the form is true?
 3                MR. VENCEL:  Yes, Ma'am, I do.
 4                THE COURT:  I find that you qualify for court-
 5   appointed counsel and I'll sign an order appointing counsel
 6   on your behalf.  If your circumstances change you could
 7   become responsible for repaying some or all of the costs
 8   associated with your defense and you're obligated to inform
 9   the Court and/or your attorney of that change.
10                In addition, while the Court makes no finding with
11   respect to your country of nationality, I am advising you
12   that if you are a national of a foreign country you have a
13   right to request an attorney for the government or a federal
14   law enforcement agent notify a consular officer from the
15   country of your nationality that you have been arrested.
16                Do you understand your right to consular
17   notification?
18                MR. VENCEL:  Yes, Ma'am, I do.
19                THE COURT:  The government has charged you by
20   complaint with one count of mail fraud.  The penalty
21   associated with that count is not more than 20 years
22   imprisonment, not more than a $250,000 fine, or both, or two
23   times the gain or loss, whichever is greater, or a fine and -
24   - or both a fine and/or imprisonment, not more than three
25   years of supervised release, and $100 special assessment fee.
```

 1              Do you understand the charge that you face and the
 2   (unintelligible) of consequences?
 3              MR. VENCEL:  I do.
 4              THE COURT:  Because the government has charged
 5   with a criminal complaint in this case, you have a right to a
 6   preliminary hearing if the grand jury does not return an
 7   indictment against you within 14 days that you're in custody,
 8   or 21 days if you're out of custody, unless you choose to
 9   waive that hearing.
10              You're entitled to a probable cause hearing under
11   Rule 5.1 of the Federal Rules of Criminal Procedure if you
12   have not been indicted, and at that hearing the government
13   would have to show probable cause that a crime has been
14   committed and that you committed the crime for which you have
15   been charged.
16              Your attorney would be permitted to cross-examine
17   any witnesses at this hearing and introduce evidence, but it
18   is not a trial so there is no determination of guilt or
19   innocence.
20              Do you understand your right to a preliminary
21   hearing?
22              MR. VENCEL:  Yes, Ma'am, I do.
23              THE COURT:  Okay.  Counsel for the government,
24   what is the government's position with respect to detention?
25              MR. FIELDS:  Your Honor, we are (unintelligible)

```
 1  if the defendant is going to contest detention.  What I would
 2  propose is that I lay (unintelligible) that he's a
 3  (unintelligible) flight risk (unintelligible) the community
 4  (unintelligible) and as soon as possible (unintelligible)
 5  present evidence tomorrow if (unintelligible).
 6              THE COURT:  All right.
 7              Ms. Shen?
 8              MS. SHEN:  We -- our position is that the
 9  government (unintelligible) entitled to (unintelligible)
10  bring (unintelligible) that (unintelligible) risk and
11  (unintelligible) 142(f)(2).
12              THE COURT:  Okay.
13              So then, Mr. Fields, can you (unintelligible) so
14  you're -- you're proceeding under section 18 U.S. 3142(f)(2).
15  The Court may hold a detention hearing on its own motion or
16  on the government's motion in a case that involves a serious
17  flight risk or a serious risk that the person will attempt to
18  obstruct justice.
19              So, Mr. Fields, can you proceed, please?
20              MR. FIELDS:  Yes, I can, Your Honor.  I'll go
21  through each of the factors now.
22              As to the nature of the offense, the charged
23  offense is (unintelligible), but that alone is a serious
24  crime, and I would note that the complaint charges only one
25  execution of a much wider scheme in which the defendant stole
```

```
 1  the (unintelligible) three people (unintelligible) identities
 2  to open fraudulent accounts and (unintelligible) trucks,
 3  motorcycles, and other things of value.  (Unintelligible) the
 4  losses is ongoing (unintelligible) the losses are more than
 5  $250,000.  The estimated sentencing guidelines range in this
 6  case I (unintelligible) to be an offense level 24.  At
 7  criminal (unintelligible) four, which is likely in this case,
 8  the defendant is looking at a sentence of 77 (unintelligible)
 9  months imprisonment.  That creates a substantial incentive to
10  flee (unintelligible) under the (unintelligible) weight of
11  the evidence in this (unintelligible) the identity
12  (unintelligible) in the case will (unintelligible) they did
13  not authorize the defendant to use their identities to open
14  the various accounts.
15            When it comes to those various accounts all of
16  those trans (unintelligible) in paper.
17            There's more.  The email account seized pursuant
18  (unintelligible) shows him using those identities
19  (unintelligible) accounts and obtain things of value.
20  (Unintelligible) email (unintelligible) indicia of his
21  possession and (unintelligible).  In addition, the defendant
22  (unintelligible) to the (unintelligible) he used the identity
23  of another person, and bodycam footage at one of his
24  (unintelligible) shows him driving a (unintelligible)
25  identity, him falsely saying that the identity theft victim
```

1  was (unintelligible).
2          (Unintelligible) on to the (unintelligible)
3  characteristics (unintelligible) serial criminal.
4  (Unintelligible) with multiple arrests (unintelligible) for
5  felony of a eluding, among other things, (unintelligible)
6  many (unintelligible) and a search warrant is unsealed, it
7  (unintelligible) 19SW (unintelligible) 27.
8          (Unintelligible) felon evidence shows
9  (unintelligible) try the (unintelligible) that he
10 (unintelligible).  And, in fact, the evidence shows that the
11 defendant tried to obtain firearms using false identities.
12         The evidence also shows (unintelligible) to make
13 false (unintelligible) his flight risk.  In (unintelligible)
14 among other things, the defendant created (unintelligible).
15 He created false (unintelligible) that he then
16 (unintelligible), then he created (unintelligible) checks.
17 All of these are means and methods by which the defendant, if
18 (unintelligible) could -- could acquire (unintelligible) and
19 use funds to escape or to seek (unintelligible) to elude
20 jurisdiction.
21         In addition, (unintelligible) one of the things
22 the Court must consider is the defendant's drug use.  He's
23 admitted in an interview (unintelligible) opiates, just like
24 he (unintelligible) probation.
25         Items found (unintelligible) that were

```
 1  (unintelligible) the charged execution of this scheme field
 2  tested positive for both heroin (unintelligible) reported
 3  that the (unintelligible) had been stolen, more than 2000
 4  oxycodone tablets were (unintelligible).  (Unintelligible)
 5  controlled substances on (unintelligible) former doctor
 6  (unintelligible) working prescriptions, and former drug
 7  (unintelligible) that he distributed oxycodone to them.
 8          (Unintelligible) relates to his flight risk I
 9  would just say that drug use by the defendant increases the
10  unpredictability of his behavior and again accentuates the
11  risk that he could potentially (unintelligible).
12          As for his other history and (unintelligible) the
13  defendant (unintelligible) employment, except for the crime
14  (unintelligible) that I've just described (unintelligible)
15  his failure (unintelligible) according (unintelligible)
16  probation report.  He has (unintelligible) traveled, and
17  although he claims that his passport is expired,
18  (unintelligible) jail (unintelligible) he stated he's
19  (unintelligible) and then go to Australia.  This is
20  (unintelligible).
21          Another fact (unintelligible) does present the
22  risk of (unintelligible).
23          (Unintelligible) in a text message
24  (unintelligible) to commit (unintelligible) attached
25  photographs of self (unintelligible).  This is deeply concern
```

1  (unintelligible) and adds to the risk that the defendant will
2  not (unintelligible).
3         I would also note that the Court has to
4  (unintelligible) 3142(g)(3)(b), where the (unintelligible) of
5  these crimes while he was on supervision.  And the answer
6  there is, yes.  (Unintelligible) committed the
7  (unintelligible) charge while he (unintelligible) and
8  (unintelligible) released, and (unintelligible) time he was
9  released committed another crime.
10        (Unintelligible) arrested in (unintelligible) by
11 state authorities in April of 2019 (unintelligible), again in
12 May (unintelligible) 19, using again a (unintelligible) same
13 fake identities that he stole.
14        He was arrested in (unintelligible) 2019 while
15 driving (unintelligible) he obtained as part of this wire
16 (unintelligible).  (Unintelligible) bed of that truck was a
17 (unintelligible) that he had purchased using the identity of
18 one of his identity theft victims.  He lied about his
19 (unintelligible) when he was arrested saying he was someone
20 else entirely.
21        Again, (unintelligible) facility (unintelligible)
22 creating fake identities and using them (unintelligible)
23 credit (unintelligible) heightens the possible risk
24 (unintelligible).
25        Again, (unintelligible) provision for all of these

 1  (unintelligible), and at that time bodycam (unintelligible)
 2  being (unintelligible) episodes demonstrate a
 3  (unintelligible) the (unintelligible) and a (unintelligible)
 4  given the very serious (unintelligible).
 5          So for all of those (unintelligible) flight risk
 6  (unintelligible).
 7          THE COURT:  All right.  So as I understood it, Mr.
 8  Fields, let me just clarify.  Although you're arguing for
 9  detention now, I think the precise question was whether or
10  not under 3142(f)(2) that we would hold the detention hearing
11  tomorrow, or are you already proceeding to arguing detention?
12          MR. FIELDS:  Your Honor, I (unintelligible) my
13  proffer is perfectly appropriate and fine, and I think I've
14  laid a foundation for showing that he is, in fact, a flight
15  risk.  If (unintelligible) the Court or Defense Counsel does
16  not agree to proceed by proffer and thinks that a detention
17  hearing is necessary, the government would be necessary
18  (unintelligible) to present that evidence tomorrow.  But I
19  don't think it's, strictly speaking, necessary.
20          THE COURT:  All right.
21          Ms. Shen.
22          MS. SHEN:  (Unintelligible) position is that we
23  are currently addressing (unintelligible) of what
24  (unintelligible) entitled to a (unintelligible) all
25  (unintelligible) the 140 (unintelligible) 142G factors.  And

1  if this court finds otherwise, (unintelligible) the
2  government is entitled to a detention hearing, we would ask
3  that the (unintelligible).
4              So just to return to the question being addressed.
5  It's whether the government (unintelligible) to a detention
6  hearing, because this is a case involving a (unintelligible)
7  risk of flight (unintelligible) (f)(2)(a).
8              And in this case there is no (unintelligible) and
9  to understand why (unintelligible) context of how Mr. Vencel
10 came to be (unintelligible) custody.  So as a USA
11 (unintelligible) ongoing state cases the (unintelligible) was
12 (unintelligible) personal recognizance bond (unintelligible).
13 He suffers from (unintelligible) and urgently needs a corneal
14 transplant, and he is not eligible for a corneal
15 (unintelligible) long as he's (unintelligible).  And so for
16 that reason (unintelligible) attorneys in the state
17 (unintelligible) understanding is put together
18 (unintelligible) show that he urgently (unintelligible)
19 medical (unintelligible) and we're able to persuade the Court
20 (unintelligible) to grant a PR bond.
21             And so the fact that Mr. (unintelligible) urgently
22 needs (unintelligible) and will go blind if he
23 (unintelligible) I think shows that there isn't a serious
24 risk of flight here.
25             In addition, just I'm not going to address all of

```
 1  the 31 (unintelligible) the court disagreed with our
 2  (unintelligible) we -- our position is that, you know, we're
 3  not ready to proceed to a (unintelligible) would ask
 4  (unintelligible) three days to prepare.
 5            But he has been sober for nine months
 6  (unintelligible) to the (unintelligible) here that are in the
 7  kind of preliminary pretrial report (unintelligible) should
 8  only be considered to the extent that we -- we know that they
 9  are volitional failures to appear and we (unintelligible)
10  know that (unintelligible) and multiple cases, you know,
11  (unintelligible) that some or (unintelligible) failure to
12  appear were not because of anything he chose to do but,
13  rather, because he was (unintelligible), and principally
14  because (unintelligible) in this case would likely result in
15  Mr. Vencel losing his (unintelligible), our position is is
16  that (unintelligible) risk of flight here.
17            THE COURT:  All right.
18            MS. SHEN:  Thank you.
19            THE COURT:  Thank you.
20            So the threshold question before the Court today
21  is whether or not the Court may hold a detention hearing on
22  its own motion or, in this case, on the government's motion,
23  because it is not a case that is under 3142(f)(1), which
24  mandates a detention hearing upon the government's motion.
25            Hearing the proffer of the United States, I find
```

1  that there is sufficient serious risk of flight, given the
2  proffer, to hold the detention hearing.  It sounds to me like
3  the defendant would prefer additional time if we do have a
4  full-blown detention hearing, at which time, Mr. Fields, if
5  you find it to be appropriate, you may proceed by proffer or
6  otherwise.
7  			It sounds to me like Mr. Fields is ready to
8  proceed tomorrow, but, Ms. Shen, you would like some
9  additional time?
10 			MS. SHEN:  Yes.  That's right, Your Honor.  We
11 would (unintelligible).
12 			THE COURT:  All right.
13 			So, Mr. Fields, does that work in your calendar?
14 			MR. FIELDS:  Yes, it does, Your Honor.
15 			THE COURT:  All right.  So we'll set this for a
16 detention hearing for Friday, July 17th at 2:00 p.m., before
17 this magistrate judge.
18 			Now, given that, do you all want to proceed at
19 that time with a preliminary hearing, or do you want to talk
20 about setting the preliminary hearing at the detention
21 hearing on Friday?
22 			MR. FIELDS:  Your Honor, if the defendant wants a
23 (unintelligible) be prepared to go (unintelligible) might as
24 well get it all done.
25 			THE COURT:  Okay.

```
 1              MS. SHEN:  Your Honor, (unintelligible) David
 2   Johnson (phonetic) who's going to be (unintelligible) Mr.
 3   Vencel about that question yet.  So can we tentatively set
 4   the (unintelligible) for that date, and if we decide not to
 5   proceed we'll notify the (unintelligible) from the U.S.
 6   Attorney's Office?
 7              THE COURT:  Sure.
 8              So I'll set you all for a preliminary hearing and
 9   detention hearing for Friday at 2:00 p.m. before this
10   magistrate judge.
11              Mr. Vencel, you'll be remanded to the custody of
12   the United States Marshal until that time.
13              Anything further on that case?
14              MR. FIELDS:  (Unintelligible).  Thank you.
15              THE COURT:  All right.
16              MS. SHEN:  No, Your Honor.
17              THE COURT:  Thank you.
18                    (Time noted:  4:58 p.m.)
19                          * * * * *
20
21
22
23
24
25
```

18

1                          CERTIFICATE

2        I, RANDEL RAISON, certify that the foregoing is a

3   correct transcript from the official electronic sound

4   recording of the proceedings in the above-entitled matter, to

5   the best of my ability.

6   *[signature: Randel Raison]*

7

8   _____          November 18, 2020

9   Randel Raison