UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 20-cr-00245-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHAWN MICHAEL VENCEL,

        Defendant.
_____

**MOTION TO REOPEN DETENTION HEARING PURSUANT TO
18 U.S.C. § 3142(f) AND FOR RELEASE FROM CUSTODY ON CONDITIONS
AND REQUEST FOR HEARING**
_____

      Defendant Shawn Michael Vencel, by counsel, Martha H. Eskesen of MARTHA H. ESKESEN, P.C., pursuant to 18 U.S.C. 3142(f), moves the Court to (1) reopen the detention hearing; (2) find there is a combination of conditions that will reasonably assure Mr. Vencel's appearance as required and the safety of any other person and the community; and (3) release Mr. Vencel pending trial with conditions.  In addition, Mr. Vencel requests a hearing at the earliest practicable time to address this motion.

      Attached to this motion are eight exhibits marked A through I.  Exhibits B through H are filed under restricted access – level two, viewable only by the Court, the government, and the filing party in accordance with FED. R. CRIM. P. 49.1(d), because they are confidential medical records.

## I.      Statement of the Case

### A.      The Charges

The federal grand jury returned a three-count Indictment on August 5, 2020 charging Mr. Vencel as follows:

Count 1:      Mail Fraud in violation of 18 U.S.C. § 1341

Count 2:      Aggravated Identity Theft in violation of 18 U.S.C. § 1028A

Count 3:      Obtaining a Controlled Substance by Fraud in violation of 21 U.S.C. § 843(a)(3) and (d)(1)

(ECF No. 1).

### B.      Legal Representation

The Court appointed counsel to represent Mr. Vencel because he is indigent as reflected in the CJA 23 Financial Affidavit, filed July 14, 2020.  (ECF No. 9 (Order Appointing Counsel) and ECF No. 8 (CJA 23 Financial Affidavit)).  Assistant Federal Public Defender David Johnson represented Mr. Vencel until October 28, 2020 when he was granted permission to withdraw due to a conflict of interest with a former client. (ECF No. 35).  Undersigned counsel entered her appearance pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, on that same day.  (ECF No. 37).

## II.      Procedural Background

Mr. Vencel was arrested on July 14, 2020 pursuant to the warrant issued on February 28, 2020 (ECF No. 2) upon the Criminal Complaint filed on that date (ECF No. 1).

On July 17, 2020, Magistrate Judge Wang conducted a hearing on the government's motion for pretrial detention. Assistant United States Attorney Bryan Fields appeared via videoconference on behalf of the government. Mr. Vencel appeared in custody via videoconference with his attorney, Assistant Federal Public Defender David Johnson, who also appeared via videoconference.

The parties proceeded by written proffer with multiple exhibits. (ECF Nos. 14, 15 and 16). The record also included information contained in the pretrial services report. (ECF No. 21).

Mr. Vencel argued for bond due, among other things, to a deteriorating eye condition known as keratoconus. Specifically, he provided information that he was seen by the Boulder Eye Surgeons group on February 20, 2020 at which time his physician wrote that Mr. Vencel was headed towards bilateral corneal transplants.

On July 17, 2020, Magistrate Judge Wang entered an order of pretrial detention in which she found that "the record does not adequately support the conclusion that he will be unable to obtained the treatment needed through the Bureau of Prisons or adequate information that justifies a general pretrial release. . . and the lack of any demonstrable evidence that Defendant is able to be appropriately supervised to mitigate any risk of flight and/or danger to the community." (Order of Detention, Doc. 19, p. 3). Judge Wang also found Mr. Vencel has thirteen pending cases of identity theft. *See id.*

With respect to Mr. Vencel's serious eye condition, Judge Wang directed counsel to be prepared to address whether Mr. Vencel could get the treatment he needs "within Bureau of Prison Custody."[1]  Judge Wang also stated:

> Again, I am strongly suggesting in that time period both Mr. Johnson and Mr. Fields undertake a good faith analysis as to whether or not Mr. Vencel can get the treatment he needs within custody, as well as giving the Court an opportunity to understand the parameters of what this transplant might entail and how long Mr. Vencel might be on a waiting list for a transplant donor, as well as how the prognosis is with respect to his vision.  Because all I'm right now looking at is attorney argument on both sides and that's not entirely helpful for the Court making these determinations.

Tr. Detention Hearing held July 17, 2017 (ECF No. 39, pp. 34-35).

### III.   Authority to Reopen Detention Hearing

Title 18 U.S.C. § 3142(f)(2) allows the court to reopen a detention hearing under the following circumstances: The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2). Thus, the hearing may be

---

[1] As a pretrial detainee, Mr. Vencel is not in the custody if the Federal Bureau of Prisons.  Rather, he is in the custody of the United States Marshals Service.  "The Marshals Service assumes custody of individuals arrested by all federal agencies and is responsible for the housing and transportation of prisoners from the time they are brought into federal custody until they are either acquitted or incarcerated. https://www.usmarshals.gov/prisoner/detention.htm .  The Marshals Service must arrange for the care of prisoners with medical issues.  *See id.*

reopened if (1) information exists that was not known to the movant at the time of the hearing and (2) that information has a material bearing on the issues of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of the community.

Under 18 U.S.C. § 3142(b), a judicial officer considering pretrial release or detention of an accused "shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond" subject to specified conditions. If the judicial officer determines that release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judicial officer shall order the pretrial release of the person upon specified conditions. 18 U.S.C. § 3142(c)(1).

Of course, the Bail Reform Act also provides the option of detaining a defendant but, 18 U.S.C. § 3142(b) mandates pretrial release ("shall order pretrial release") on personal recognizance or an unsecured bond unless the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community." Section 3142(g) sets forth the factors the court must take into account when making the determination: (1) the nature and circumstances of the offense charged; (2) the weight of evidence; and (3) the history and characteristics of the person including: the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

community, community ties, past conduct, history relating to drug or alcohol issues, criminal history, record of appearance at court proceedings, whether at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

By reopening the detention hearing, the Court will have a full opportunity to address new information that was not known when the initial order of detention was entered and consider a release plan that would include, among other things, halfway house placement with passes for medical treatment, twenty-four hour GPS ankle monitor, and other conditions that could be imposed. Moreover, the Court can also consider the provision of the Bail Reform Act which provides for the "temporary release" of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

**IV.    Grounds for Release**

Mr. Vencel has been in continuous custody since approximately December 7, 2019. He has been in the custody of the United States Marshals Service on a writ since July 14, 2020.

Until November 24, 2020, Mr. Vencel's primary custody was in Boulder County, Colorado, in connection with Case Nos. 19CR2174 and 19CR2396. On November 19,

2020, bonds that had previously been set in those cases were modified to require Mr. Vencel, if not in the custody of the U.S. Marshals Service, to report to Pretrial Services within 24 hours of release, be hooked up 24 hours after release to passive GPS (Global Positioning System) and EHM (electronic home monitoring) and execute a HIPAA waiver.  *See* Orders Modifying Bond collectively attached hereto as Exhibit A.   These bonds were executed on November 24, 2020 and filed with the Boulder County District Court on November 25, 2020.  Hence, Mr. Vencel is no longer being held in state custody and is solely in federal custody.[2]

The bond modifications in Mr. Vencel's Boulder County District Court cases were affected so that there would be no impediment to Mr. Vencel receiving surgery necessary to for his rapidly deteriorating eyesight caused by keratoconus. Arrangements for the surgery were made through the efforts of Mr. Vencel's former counsel and his investigator with the approval of the United States Marshals Service. The surgery was scheduled for November 30, 2020 at Denver Health.  See e-mail from Ann-Marie Stuart, MHA, RN, CPHRM, Director, Risk Management, Denver Health and Hospital dated November 12, 2020, confirming surgery and November 25, 2020 testing, attached as Exhibit B.

### A. Mr. Vencel's Necessary Surgery cannot proceed on November 30, 2020

---

[2] Mr. Vencel had already posted bail in his remaining Boulder County cases.

The necessary surgery for keratoconus is not going forward on November 30, 2020 because representatives at the GEO Aurora Detention Center where Mr. Vencel is housed did not transport him to Denver Health as required on November 25, 2020 for required COVID-19 testing.

Representatives at GEO have provided Mr. Vencel with conflicting information regarding this matter.  On November 25, 2020, Mr. Vencel submitted a "kite" requesting the status of his upcoming surgery on Monday, November 30, 2020.  Nurse A. Cardenas responded, "We cannot provide information on your surgery you have been referred to provider to discuss your concerns."  Exhibit C (Request for Health Services). On November 27, 2020, Mr. Vencel again inquired about the upcoming surgery and a nurse reported that he had refused the eye appointment on November 25, 2020 at Denver Health.  Mr. Vencel told the nurse that he had not refused any appointment and had not been called out for one.  On November 27, 2020, he submitted another kite requesting the name of the staff member who reported his alleged refusal to go to the appointment.  Another nurse whose signature is illegible, responded, "We are not aware of any such conversation perhaps there was a misunderstanding.  Upon review of your record no conversation of this nature was documented."  Exhibit D (Request for Health Services).  Other kites and inquiries to medical staff at GEO by Mr. Vencel reflect responses in which medical staff simply "pass the buck" by telling him he is scheduled to meet with the provider or he needs to discuss his concerns with the provider.

### B.     Mr. Vencel has been exposed to the COVID-19 virus and his current COVID-19 status is not confirmed

As stated above, Mr. Vencel has been detained in the custody of the United States Marshals Service since July 14, 2020. Since then, Mr. Vencel has twice been tested for COVID-19. He first provided an Oropharyngeal swab on October 25, 2020. It was tested on October 26, 2020 and reported to the Colorado Department of Public Health and Environment ("CDPHE") as negative on October 27, 2020. *See* Exhibit E (October 25, 2020 Test Data). He next provided an Oropharyngeal swab on November 1, 2020. It as tested on November 3, 2020 and reported to CDPHE as positive on that date. *See* Exhibit F (November 1, 2020 Test Data). Because he has been continuously confined at the GEO Aurora Detention Center since July 14, 2020, the only source of the virus is the GEO Aurora Detention Center. Mr. Vencel is understandably extremely distressed by this exposure for which the risk could have been reduced by release on bond.

Notwithstanding these results, the accuracy of the COVID-19 test results by the Aurora ICE processing Center is not guaranteed. *See* Exhibit G (Swab Testing Consent Form). Therefore, it is imperative for Mr. Vencel, who stands to lose his vision if he does not have surgery for his deteriorating eye condition, to have additional testing to confirm his status. Untreated keratoconus can lead to permanent vision loss.

### C.     Mr. Vencel is not receiving adequate care for keratoconus at the GEO Aurora Detention Center

Mr. Vencel wears special contact lenses known as scleral lenses for keratoconus. He has worn these contact lenses since he was incarcerated. They help with the condition but are not a cure and will not prevent permanent vision loss which will result if he does not have the surgery he was scheduled to have. To care for the lenses and his eyes, he requires preservative free saline solution. *See* Exhibit H (Dr. Raufi notes). The only preservative free saline solution that does not irritate Mr. Vencel's eyes Is Puri Lens Plus Preservative Free Saline Solution. He has repeatedly requested this solution since July 14, 2020, as have his former and current counsel.[3] Despite these requests, medical staff at the GEO Aurora Detention Center have failed and refused to obtain the solution for him and refused to allow the solution to be shipped to him. Instead, medical staff give him a different solution which irritates his eyes and he is unable to use.

A twelve pack of 4 fluid ounce bottles of Puri Lens Plus is available on Amazon.com for $39.95. Mr. Vencel has inmate funds available to him from his account at the Boulder County Jail to purchase the solution. Moreover, his father is willing to purchase the solution for him. The solution is not a controlled substance or contraband. There is no legitimate reason for Mr. Vencel to be denied the solution.

---

[3] Investigator Jessica Leto with the Office of the Federal Public Defender communicated with GEO and the United States Marshals Service regarding this necessary solution and it was not provided to Mr. Vencel. Undersigned counsel communicated with AUSA Fields regarding this matter, as well, and Mr. Vencel continues to be denied Puri Lens Preservative Free Saline Solution and has again been provided with the wrong solution.

Given that the GEO Aurora Detention Center is unable to provide the right preservative free saline solution that Mr. Vencel requires for his scleral lenses there is no reason to believe that Mr. Vencel will receive adequate medical care for his condition or adequate post-surgery treatment when he does have surgery for his condition. Medical staff at GEO are uncaring and in many instances incompetent. *See* Exhibit I (ACLU Report re GEO Aurora Ice Detention Facility).

### D.  Mr. Vencel does not have thirteen pending cases of identity theft

As stated above, in its July 17, 2020 ruling, the Court made a finding that Mr. Vencel has thirteen pending cases of identity theft. *See* Order of Detention, Doc. 19, p. 3.  He does not.  Mr. Vencel currently has the following cases pending in the Boulder County courts:

- 19CR2396 (charges: theft, forgery, violation of bail bond, violation of protection order, driving after revocation prohibited)

- 19CR2174 (charges:  controlled substance – obtain by fraud/deceit)
- 19CR1995 (charge:  assault)

- 19CR1837 (charges:  theft, fraud by check, financial transaction device, forgery)

- 19CR1838 (charges:  financial transaction device, forgery, theft)

- 19CR167 (charges:  theft, financial transaction device, forgery, fraud by check)

- 19M1331 (charge: obstructing government operations)

Mr. Vencel is on bond in each case.  He is on personal recognizance bonds in Case Nos. 19CR2396 ($25,000), 19CR2174 ($20,000), and 19M1331($50.00).  He is

on surety bonds the other listed cases. (19CR1995: $5,000; 19CR1837: $1,000; 19CR1838: $10,000). Hence, he stands to lose a lot if he does not appear.

Other cases pending as of July 17, 2020 when the Court conducted the detention hearing have been dismissed. Thus, Mr. Vencel does not have thirteen pending cases of identity theft.

### E.  The United States Marshals Service failed to honor writs for Mr. Vencel to appear for his pending state court cases thereby preventing him from participating in his state court cases

Since his arrest on July 14, 2020 in this case, Mr. Vencel has been prevented from appearing as required in his Boulder County criminal cases. On November 19, 2020, Mr. Vencel's cases were set for arraignment before District Judge Norma Sierra in Division 6 of the Boulder District Court. State writs of habeas corpus ad prosequendum for video appearance were issued on September 22, 2020. Notwithstanding the issuance of lawful writs by the Boulder District judge, the United States Marshals failed to respond, and Mr. Vencel was not afforded the opportunity to appear by video or by telephone. Accordingly, Mr. Vencel was and is unable to participate in his local prosecution. Had he been released on conditions this would not have occurred. His continued detention will likely result in his inability to appear and participate in his state court cases thereby preventing those cases from moving forward.

### F.  There are conditions of release that will reasonably assure Mr. Vencel's appearance as required and the safety of any other person and the community.

At the detention hearing on July 17, 2020, Mr. Vencel's previous attorney argued for release to his own residence, yet to be secured by him or his father.  Mr. Vencel still does not have his own residence and is not seeking release to his own residence.  He requests release to a halfway house with additional conditions as required by this Court and as required by the Boulder District Court in Case Nos. 19CR2396 and 19CR2174, to wit:  pre-trial supervision, electronic home monitoring, passive GPS, and HIPAA waiver.

This Court based its detention order, in part, on Mr. Vencel's record of non-appearance, demeanor and conduct when encountering law enforcement, and lack of any demonstrable evidence that he is able to be appropriately supervised to mitigate any risk of flight and/or danger to the community.  While Mr. Vencel's history is not stellar, his failures to appear were not because he absconded.  In fact, he did not nor does the evidence reflect otherwise.  He did not appear because of his serious substance abuse problem.  Moreover, the multiple failures to appear were in non-felony traffic related matters.  Since his arrest in December 2019 and while incarcerated at the Boulder County Jail, Mr. Vence participated in drug treatment and counseling and has been dealing head on with his serious substance abuse issues.  He has managed to remain clean while incarcerated despite the free-flowing controlled substances that are available in the jails where he has been housed.

Mr. Vencel has too much to lose by fleeing.  He is losing his eyesight.  He requires surgery and will have a lengthy recovery period.  He has a daughter.

13

There are conditions that can be imposed to reasonably assure Mr. Vencel's appearance as required and the safety of the community. Mr. Vencel is willing to abide by whatever conditions the Court imposes.

**V.   Conclusion**

There is new information material to the issue of pretrial detention that supports Mr. Vencel's release. Moreover, there are conditions that will reasonably assure Mr. Vencel's appearance as required and the safety of the any other person and the community. For example, the Court may impose any combination of the following conditions: (1) reside in a halfway house; (2) travel only to Boulder, Colorado for court appearances and medical appointments; (3) have regular contact with his Pretrial Services Officer; (4) comply with all conditions of pretrial release imposed by the Boulder courts. These conditions will serve the purposes of 18 U.S.C. § 3142. Mr. Vencel is amenable to any condition imposed upon him by the Court.

WHEREFORE, pursuant to 18 U.S.C. § 3142(f), Mr. Vencel respectfully requests that the Court (1) reopen the detention hearing, (2) find that there is a combination of conditions that will reasonably assure his appearance as required and the safety of any other person and the community, and (3) release him pending trial, and that the Court grant such additional relief as may be warranted. In addition, the Defendant requests a hearing at the earliest practicable time to address this motion.

Dated:  November 30, 2020		MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone:   (303) 486-6938
Facsimile:    (303) 573-4921
Email: meskesen@eskesenlaw.com

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on November 30, 2020, I electronically filed the foregoing **MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE FROM CUSTODY ON CONDITIONS AND REQUEST FOR HEARING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bryan D. Fields, Assistant U.S. Attorney
Bryan.fields3@usdoj.gov


And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Shawn Michael Vencel		(via U.S. Mail)


MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone:   (303) 486-6938
Facsimile:    (303) 573-4921
Email: meskesen@eskesenlaw.com