IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00245-RBJ-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    SHAWN MICHAEL VENCEL,

        Defendant.

---

**ORDER DENYING MODIFICATION OF CONDITIONS OF RELEASE**

---

This matter is before the court on Motion to Reopen Detention Hearing Pursuant to 18 U.S.C. § 3142(f) and for Release from Custody on Conditions and Request for Hearing ("Motion to Modify"), filed by Defendant Shawn Michael Vencel ("Defendant" or "Mr. Vencel") [#40, filed November 30, 2020], which was referred to the undersigned Magistrate Judge pursuant to D.C.COLO.LCrR 57.1 and the Memorandum dated December 1, 2020 [#46]. In the Motion to Modify, Defendant seeks to be released from custody to reside at the halfway house pending trial in this matter to accommodate his treatment for a particular medical condition, keratoconus, that causes progressive blindness and requires bilateral corneal transplants for treatment. In support of his request, Defendant submitted additional documents for the court's consideration, including communication with the health care provider, Denver Health. [#41]. This court has conferred with the Pretrial Services Office which continues to recommend detention for this Defendant. In

addition, the Government not only opposes the relief sought in the Motion, but also the reopening of the detention hearing at all. [#48]. This court held a hearing on the Motion to Modify on December 8, 2020, with counsel and Defendant appearing by videoconference pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act; the General Order 20-19 of the United States District Court for the District of Colorado; and Defendant's consent as secured on the record. [#49].

Under § 3142(f)(2), a detention hearing may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2). In support of his Motion to Modify, Defendant argues that he is unable to secure adequate treatment for keratoconus due to his pretrial detention both because the GEO facility where he is located is unable or unwilling to provide him the medical care he requires and because he was not transported to Denver Health for the required COVID-19 testing. [#40]. Defendant further argues that he is no longer subject to all thirteen state cases, and that the bond modifications were made in his Boulder County District Court cases "so that there would be no impediment to Mr. Vencel receiving surgery necessary to for his rapidly deteriorating eyesight caused by keratoconus." [#40 at 7]. Defendant also contends that the United States Marshal Service has failed to honor writs for Mr. Vencel to appear for his pending state court cases. [*Id.* at 12]. Defendant also makes certain arguments regarding the risk of COVID-19 within the GEO facility and his concerns regarding post-operative care. [*Id.* at 9]. Finally, Defendant argues that if he is not released for the entire pre-trial period, he has stated compelling reasons to be released on a temporary basis pursuant to 18 U.S.C. § 3142(i).

On November 30, 2020, Defendant filed a Supplement Motion to Reopen Detention Hearing Pursuant to 18 U.S.C. § 3142(f) and for Release from Custody on Conditions and Request for Hearing [#43], indicating that Mr. Vencel had been rescheduled by Denver Health for surgery to occur on December 11, 2020.  [#43].

The United States filed its Response [#48] as ordered by the court [#47] on December 4, 2020.  In the Government's Response, it argues that there exists no materially new information to justify the reopening of the detention hearing, let alone the reconsideration of the court's Order of Detention.  [#48 at 6-11].  The Government contends that there are also no compelling reasons to permit temporary release under 18 U.S.C. § 3142(i), and that the mere existence of COVID-19 is not, in and of itself, a compelling reason for release.  [*Id.* at 4, 11-12]. At the hearing, the Government further argued that Defendant had failed to establish that his care at the GEO facility, or any post-operative care, is or would be deficient.  [*Id.* at 11-12].

Based on the court's review of the Parties' briefing, the argument presented at the hearing held before the court on December 8, 2020, and the record before it, this court concludes, in the first instance that Mr. Vencel has identified new information that is pertinent to the court's determination under the Bail Reform Act whether there are conditions or a combination of conditions that could reasonably assure the appearance of Defendant at future court proceedings or the safety to another or to the community.  To the extent that Defendant argues that he is not subject to thirteen pending cases of identity theft but rather, because of dismissals, is subject to only seven and is on bond in all of those matters, [#41 at 10-11], this court is unpersuaded that this new information is material to its underlying Order of Detention to warrant the reopening of the detention hearing.  The number of ongoing criminal actions against Mr. Vencel was but one of the many factors that counseled for detention of this Defendant.  [#19 at 3].  Unchanged are

the other factors: the 49 times Mr. Vencel failed to appear; his 14 failures to comply with court orders; his long criminal history beginning in youth offender courts when he was thirteen and preceding his injury that he claims was the impetus for his controlled substance abuse; and the court's observation of video evidence demonstrating his demeanor and conduct when confronted by law enforcement. [*Id.*]. Thus, the change in the number of cases alone is immaterial to warrant the reopening of the detention hearing.

But to the extent that Defendant now argues that he is now subject to certain bonds and supervision arising from his state court actions that would permit him to be released in this action pending trial, this court does find that it is new information that is material to the court's determination of whether conditions or a combination of conditions exist that would permit Mr. Vencel to be released and on this ground, this court **GRANTS** the Motion to Modify, to the extent that it seeks to reopen the detention proceeding to consider this additional information pursuant to the Bail Reform Act and to the extent it seeks a hearing.

Nevertheless, in considering this new information, this court finds that there remains a lack of any demonstrable evidence that Defendant is able to be appropriately supervised to sufficiently mitigate the risk of flight and/or danger to the community. The Bail Report indicates that he committed several new offenses while on some type of court supervision. In addition, this court is not persuaded that location monitoring can resolve the safety risks attendant to his release arising from the nature of his alleged offense, i.e., the risk to another and to the community does not arise from a particular location but from behavior that cannot be easily tracked.

And, to the extent that Defendant is concerned about the availability of the necessary surgery or post-operative care, this court is unpersuaded that those concerns are material to the court's assessment of risk of flight or danger to the community. Nor do they substantively merit

pretrial release or temporary release.  First, as confirmed during the December 8 hearing, it was Denver Health's COVID-19 protocols, rather than any action by the GEO facility or the United States Marshals Service, that precluded the surgery to go forward on November 30, 2020. Second, the surgery has been rescheduled to December 11, 2020, and there is no indication that the availability of Mr. Vencel's surgery would be greater if he were released to a halfway house. Third, there is no indication that Mr. Vencel's proposed release plan to a halfway house will mitigate his concerns regarding COVID-19, given the congregant living conditions and the general surge of infections of the novel coronavirus in the general public.

This court did not reach its original determination or this conclusion reflexively, given Defendant's concerns regarding his eyesight and treatment for keratoconus.  But weighing the information in the record, this court finds no basis to modify its original determination that there are no conditions or combination of conditions that will reasonably assure Defendant's appearance at future court proceedings or the safety to another and to the community.

Accordingly, **IT IS ORDERED** that:

(1) Motion to Reopen Detention Hearing Pursuant to 18 U.S.C. § 3142(f) and for Release from Custody on Conditions and Request for Hearing filed by Defendant Shawn Michael Vencel [#40] is **GRANTED IN PART and DENIED IN PART**;

(2) The Motion is **GRANTED** insofar as the issue of detention is **REOPENED** and a hearing has been held on December 8, 2020; and

(3) The Motion is **DENIED** insofar as Defendant Shawn Michael Vencel seeks any other relief, including but not limited to release pending trial or on a temporary basis.

DATED:  December 9, 2020        BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

6