UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 20-cr-00245-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHAWN MICHAEL VENCEL,

        Defendant.
_____

**DEFENDANT'S MOTION FOR FORTHWITH HEARING REGARDING DETENTION**
_____

        Defendant Shawn Michael Vencel, by counsel, Martha H. Eskesen of MARTHA H. ESKESEN, P.C., moves the Court pursuant to its inherent authority for a forthwith hearing to address his confinement location and to enter orders necessary to protect the defendant.

        1.     Mr. Vencel is charged with Mail Fraud in violation of 18 U.S.C. § 1341, Aggravated Identity Theft in violation of 18 U.S.C. § 1028(A) and Obtaining a Controlled Substance by Fraud in violation of 21 U.S.C. § 843(a)(3) and (d)(1).  (ECF No. 1).

        2.     He first appeared in this Court on July 14, 2020 (ECF No. 7), and upon the contested motion of the government after hearing was ordered detained without bail in the custody of the U.S. Marshal pursuant to 18 U.S.C. § 3141, et seq.  (ECF No. 17 (Courtroom Minutes) and ECF No. 19 (Detention Order).

3. When ordering detention, Magistrate Judge Nina Wang, having received information concerning Mr. Vencel's medical condition, keratoconus, and that he required surgery for bilateral corneal transplants, directed the government and defense counsel to "undertake a good faith analysis of whether or not Mr. Vencel [could get] the treatment he needs within custody . . . as well as how the prognosis is with respect to his vision." Tr. Preliminary and Detention Hearing, July 17, 2020 (ECF No. 39, p. 34).

4. Approximately three months after the detention hearing Mr. Vencel's court-appointed Federal Public Defender who had worked diligently to address and arrange for Mr. Vencel's necessary surgery, withdrew due to a conflict of interest with a former client. (#35). Undersigned counsel entered her appearance on October 28, 2020 (#37).

5. On November 30, 2020, Mr. Vencel filed a Motion to Reopen Detention Hearing Pursuant to 18 U.S.C. 3142(f). In the motion, Mr. Vencel sought to be released from custody to reside at the halfway house pending trial to accommodate his treatment for keratoconus. (#40). The government opposed the motion.

6. On December 8, 2020, Magistrate Judge Wang convened a hearing by remote means pursuant to the Coronavirus Aid, Relief and Economic Security ("CARES") Act, General Order 20-19 of the United States District Court for the District of Colorado, and Mr. Vencel's consent.

7. Mr. Vencel argued for release on bail to obtain adequate treatment for keratoconus asserting he could not receive the required medical care in custody. The

government again opposed Mr. Vencel's release and argued that he had failed to establish that his care "or any post-operative care, was or would be deficient.

8. On December 9, 2020, Judge Wang issued an order granting Mr. Vencel's request to reopen the detention hearing and denying his request for release. (ECF No. 50). In so doing, the judge stated that

> [t]he court did not reach its original determination or this conclusion reflexively, given Defendant's concerns regarding his eyesight and treatment for keratoconus. But weighing the information in the record, this court finds no basis to modify its original determination that there are no conditions or combination of conditions that will reasonably assure Defendant's appearance at future court proceedings or the safety to another and to the community.

Order Denying Modification of Conditions of Release, December 9, 2020, *Id.*, p. 4

9. On December 11, 2020, Mr. Vencel underwent surgery (corneal transplant) at Denver Health. After surgery he was returned to the GEO Aurora Detention Center where he was following the required post-operative regimen that included using prescribed eye drops which must be used to prevent rejection of the new cornea.

10. On December 21, 2020, Mr. Vencel informed counsel by voice-mail messaging that he had been notified he would be moved from the GEO Aurora Detention Center to the Federal Detention Center that day. Indeed, the U.S. Marshals Service picked Mr. Vencel up from the GEO Aurora Detention Center and transported him to the Federal Detention Center in Littleton, Colorado.

11. Counsel immediately contacted government counsel to learn more and express her concern about the impact the move would have on counsel's ability to communicate with Mr. Vencel and the continuity of his medical care.

12. Mr. Vencel left another voice-mail message for counsel on December 22, 2020, advising that he was not receiving his necessary post-operative eye drops and medications since being moved. Counsel contacted government counsel and the U.S. Marshals Service to address the matter. Government counsel advised he would try to assist by contacting representatives at FDC regarding the attorney-client communication issue. As for medical care, the response received from Deputy Gillian Fleck of the U.S. Marshals Service was as follows:

> *I received the following message from FDC: "FYI, Inmate was assessed by our medical staff upon arrival and his clinical needs addressed."*
>
> *I'm afraid that is all the information they were willing to provide me; FDC is not disseminating more specific medical details on prisoner medical due to, as they say, HIPPA [sic] concerns.*
>
> *I've tried to tell them that individuals housed there from the USMS have signed medical releases, but it did not make a difference.*

E-mail from Deputy Gillian Fleck, December 22, 2020 (Exhibit A).

13. Given that the U.S. Marshals Service, in whose custody and with whom responsibility for Mr. Vencel's medical care as a pretrial detainee is vested, cannot obtain information or ensure that Mr. Vencel is receiving adequate post-operative care, Mr. Vencel requests the Court convene a forthwith hearing to address this matter and enter orders to address Mr. Vencel's confinement location and post-operative care.

14. Pretrial detainees suffering from illness or injury are constitutionally entitled to receive needed medical treatment and may not be subjected to any form of punishment, since they have not yet been adjudicated guilty of a crime. *Gray v. Farley,* 13 F.3d 142, 146 (4th Cir. 1993); *See City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 244-45 (1983). A pretrial detainee can establish a due process violation if he can show "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97 (1976). If the Constitution forbids the custodians of pretrial detainees from being deliberately indifferent to detainees' legitimate and apparent needs for medical care, then it necessarily follows that it forbids deliberate indifference to the dispensing of prescribed medication (such as eye drops), a critical component of medical care.

15. While this matter is not presented to the Court in an action brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2241, Mr. Vencel's Fifth Amendment rights are impacted and are being violated, and he is at continued risk of losing his eyesight due to the abrupt change in his confinement location and lack of continuity of medical care.

16. This Court ordered Mr. Vencel's detention pending the resolution of this case. The Court has the inherent authority to enter orders necessary to protect persons detained by its authority. Accordingly, Mr. Vencel requests the Court schedule a forthwith hearing to address his confinement location and to enter orders necessary to protect the defendant.

Dated:  December 23, 2020
MARTHA H. ESKESEN, P.C.
s/ Martha H. Eskesen
Martha H. Eskesen
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone:   (303) 486-6938
Facsimile:    (303) 573-4921
Email: meskesen@eskesenlaw.com

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 23, 2020, I electronically filed the foregoing **DEFENDANT'S MOTION FOR FORTHWITH HEARING REGARDING DETENTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bryan D. Fields, Assistant U.S. Attorney
Bryan.fields3@usdoj.gov


And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Shawn Michael Vencel                    (via U.S. Mail)


MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone:   (303) 486-6938
Facsimile:    (303) 573-4921
Email: meskesen@eskesenlaw.com