IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00245-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN MICHAEL VENCEL

    Defendant.

---

**GOVERNMENT'S RESPONSE TO MOTION FOR FORTHWITH HEARING REGARDING DETENTION [ECF NO. 51]**

---

The defendant's motion to reopen his detention hearing was denied two weeks ago. ECF No. 50. Now — after getting the surgery that inspired the original motion to reopen — he has filed a Motion for Forthwith Hearing Regarding Detention to "address his confinement location and to enter orders necessary to protect the defendant." ECF No. 51 ("Def. Mot."). The defendant does not specify what orders are "necessary," cites no authority for the court to enter such orders, does not explain how any orders would redress the unarticulated legal injuries, and does not explain why the court can or should intervene to second-guess the marshals as to confinement location or medical staff as to their medical decisions. The motion should be denied.

*First*, there is no claim or evidence that the defendant is receiving inadequate care. The defendant cites to cases describing the constitutional standard but does not articulate or explain why the defendant's care is below such a standard. Def. Mot. at 5, ¶ 14. Undersigned counsel

1

communicated with medical staff at FDC this morning.  The defendant was seen by a nurse practitioner upon his arrival at FDC on December 21, 2020 and again this morning.  The defendant did not report any medical issues or complaints to the nurse practitioner, despite having ample opportunity to do so.  Medical records, forwarded to the defendant's counsel upon their receipt this morning, indicate that the defendant is receiving the prescriptions that are medically indicated.

*Second*, even if the defendant had a complaint about the medical care he is receiving, he has not provided any sound medical or scientific basis for evaluating that complaint.  To the extent the defendant is asking the court to second-guess the medical judgments of the licensed professionals who are attending to the defendant, he should be required to submit some evidence or information that would inform any decisions.  Asking the court to issue unspecified orders to "protect the defendant" without any relevant medical advice or information explaining what that might mean is a request to ask the court to make a medical decision that is best left to doctors nurse practitioners, and medically-trained professionals; not lawyers.

*Third*, even if there was a *factual* basis for the defendant's motion the defendant has not cited any *legal* authority for relief.  He admits that this is not an action brought pursuant to the typical statutory vehicles for such claims, 42 U.S.C. § 1983 and 28 U.S.C. § 2241.  Def. Mot. at 5, ¶ 15.  Instead, he identifies three extremely broad potential legal theories with no guiding precedent.

The defendant first asserts that his "Fifth Amendment rights are being impacted and violated."  There is no description of the right (the Fifth Amendment guarantees several, each informed by particular legal principles).  Nor is there an articulation of how any right is being

impacted, let alone violated. *Id.*

The defendant states, second, that he is at "continued risk or losing his eyesight due to the abrupt change in his confinement location and lack of continuity of medical care." *Id.* But the defendant does not explain what his location has to do with the risks of losing his eyesight and the defendant has been in the continued care of the Department of Justice.

Finally, the defendant posits that the Court has "inherent authority to protect persons detained by its authority." But to the extent the defendant is asking for some kind of equitable relief, the Supreme Court has consistently rejected "freewheeling" approaches untethered from some positive grant of authority in statute, precedent, or history. *Cf. Liu v. SEC*, 140 S. Ct. 1936, 1942 (2020) (noting that even express statutory grants of equitable authority are analyzed based on what was historically available at equity); *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016) (rejecting what the Supreme Court called a "freewheeling approach" to administrative remedies); *United States v. Williams*, 504 U.S. 36, 55 (1992) (rejecting argument that courts have inherent supervisory authority to impose additional duties over their own proceedings).

The positive grant of authority for the defendant's detention is 18 U.S.C. § 3142. The defendant is conspicuously *not* relying on this statute as a basis for relief — two prior efforts have been unsuccessful — and nothing in that statute authorizes an open-ended hearing to issue unspecified injunctions directing the marshals or licensed medical practitioners on how best to carry out their duties.

In short, the defendant has not articulated a factual or legal basis to hold a hearing. Even if a hearing was held, he has not identified the specific relief he seeks, the legal contours that would guide implementation of that relief, or how any court order would actually redress any

harms.   For all of the reasons set forth above, the government respectfully requests that the defendant's motion be denied.

                              Respectfully submitted,

                              JASON R. DUNN
                              United States Attorney

By:  s/ *Bryan David Fields*
                              Bryan David Fields
                              Assistant U.S. Attorney
                              United States Attorney's Office
                              1801 California St., Suite 1600
                              Denver, CO 80202
                              (303) 454-0100
                              Fax: (303) 454-0409
                              Bryan.Fields3@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 23rd, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

                                       *s/ Bryan David Fields*
                                       United States Attorney's Office