IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00245-RBJ-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    SHAWN MICHAEL VENCEL,

        Defendant.

## ORDER DENYING MOTION FOR FORTHWITH HEARING

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendant's Motion for Forthwith Hearing Regarding Detention ("Motion for Hearing Regarding Detention") [#51, filed December 23, 2020], which was referred to the undersigned Magistrate Judge pursuant to D.C.COLO.LCrR 57.1 and the Memorandum dated December 28, 2020 [#53]. In the Opposed Motion for Hearing Regarding Detention, Defendant move the court "pursuant to its inherent authority for a forthwith hearing to address his confinement location and to enter orders necessary to protect the defendant." [#51 at 1]. The Government responded, contending that the Government had confirmed with the Federal Detention Center that Defendant was receiving appropriate post-operative care, and that Defendant had cited no authority to support his request for the court to intervene with his placement and/or his post-operative care. [#52].

As an initial matter, it appears that Defendant concedes that there is no basis to reopen

the detention hearing. [#51, #52]. Under § 3142(f)(2), a detention hearing may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2). This court independently finds that there is no evidence in the record to support the reopening of Defendant's detention hearing.

Thus, this court turns to whether it has any inherent authority to consider address the terms of his detention – i.e., location of Defendant's pretrial confinement or to enter orders regarding his health care during pretrial confinement. Though the Bail Reform Act provides that a judicial officer may at any time amend an order of release and setting conditions for such release, it provides no corollary for terms of detention. *See* 28 U.S.C. § 3142(c)(3). While there appears to be a split of authority as to whether a court has inherent authority to reconsider whether or not to detain a defendant pending trial outside the framework set forth in the Bail Reform Act, *compare United States v. Pon*, No. 3:14-CR-75-J-39PDB, 2014 WL 3340584, at *10 (M.D. Fla. May 29, 2014) (holding that the court lacks inherent authority to revisit its detention decision outside the circumstances delineated under 28 U.S.C. § 3142(f)) *with United States v. Hudson*, No. 04 CR 464-19, 2004 WL 2032119, at *1 (N.D. Ill. Sept. 3, 2004) (holding that the court has inherent authority to reconsider its detention ruling even outside the context of the Bail Reform Act), this court found no case law from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") addressing whether the district court maintains inherent authority to revisit its detention rulings outside of the Bail Reform Act. While this court notes that courts have inherent authority in certain criminal matters, *see United States v.*

*Garrison,* 147 F. Supp. 3d 1173, 1179 (D. Colo. 2015) (citations omitted) (recognizing a court's inherent authority to order discovery in certain circumstances), Defendant cites no authority, nor did this court independently find any, to authorize a court to mandate certain conditions of pretrial detention, essentially affirmatively enjoining the United States Marshals Service.  And though pretrial detention is distinct from post-conviction incarceration, this court notes that a sentencing court is not vested with the authority to dictate the placement of an offender.  Rather, that authority is vested with the Bureau of Prisons.  18 U.S. Code § 3621(b); *see United States v. Harper,* No. 15-10155-01-JTM, 2020 WL 599773, at *2 (D. Kan. Feb. 7, 2020).  And courts have deferred to the judgment of the United States Marshals Service, who detain defendants pending trial, for conditions related to such detention.  *See United States v. Fabricant*, No. CR 03-1257(A)-RSWL, 2008 WL 4381517, at *1 (C.D. Cal. Sept. 19, 2008).

Even if such inherent authority exists, this court declines to exercise it based on the circumstances presented by Defendant here.  Nothing before the court at this time indicates that Defendant is not receiving adequate medical care.  Nor is this court inclined to insert itself unnecessarily in the day-to-day operations of the United States Marshals Service, or a particular detention facility, without substantial justification.  Defendant's dissatisfaction with his medical care is insufficient to justify a forthwith hearing.

Accordingly, **IT IS ORDERED** that:

(1) Defendant's Motion for Forthwith Hearing Regarding Detention [#51] is **DENIED**.

DATED:  December 31, 2020        BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge