IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-mj-00206-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GABRIEL IVAN QUINTAN-LEDEZMA,

    Defendant.

_____

**ORDER OF DETENTION**
_____

THIS MATTER came before me for a detention hearing on December 31, 2020. The government requested detention in this case. The defendant contested the request for detention, and counsel for the government and defendant presented argument. I have considered the Pretrial Services report, evidence and testimony presented at that hearing and the arguments and statements of counsel, and the entire court docket.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by the Controlled Substances Act which carries with it a penalty of ten years or more, a rebuttable

presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. Title 18 U.S.C. § 3142(e). Among other things, the Defendant has been charged with Knowingly and Intentionally Conspiring to Distribute and to Possession with Intent to Distribute 500 grams or more of a Mixture and Substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b). This controlled substance offense carries a possible penalty of not less than 5 years' imprisonment and not more than 40 years; not more than a $5,000,000 fine or both, not less than 5 years' supervised release; and a $100 special assessment per count. He has also been charged with a count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). The penalty associated with this second charge is not less than 5 years and not more than life imprisonment, not more than a $250,000 fine, or both; not more than 5 years supervised release; and a $100 Special Assessment fee.

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person including–

      (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

    Weighing the factors set out in the Bail Reform Act, I find the rebuttable presumption of the Act has been triggered. I find that the defendant has not presented sufficient evidence to rebut the presumption and therefore the presumption stands unrebutted. In making this finding, I note that Affidavit in support of the Criminal Complaint details Defendant's central role in the alleged offenses at issue; the amount of cocaine at issue; and the lack of significant ties or legitimate employment to the District.

    I therefore find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community if released on conditions of bond.

    IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent

practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   December 31, 2020          BY THE COURT:

*[signature]*

Nina Y. Wang
United States Magistrate Judge