# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-245-RBJ

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**SHAWN MICHAEL VENCEL,**

    Defendant.

---

## JOINT MOTION TO EXCLUDE AN ADDITIONAL 60 DAYS FROM THE SPEEDY TRIAL COMPUTATION IN THE INTERESTS OF JUSTICE

---

    The parties to this matter —the United States, by Matthew T. Kirsch, United States Attorney for the District of Colorado, through Bryan David Fields, Assistant United States Attorney, and Shawn Michael Vencel, by and through Martha H. Eskesen, Esq. — jointly file this memorandum in support of the parties' joint motion to exclude 60 days from the computation required by the Speedy Trial Act to determine when trial in this matter must commence. In support of this motion, the parties state as follows:

    1.    On July 14, 2020 the defendant had his initial appearance on a complaint after appearing pursuant to a writ of habeas corpus ad prosequendum. ECF No. 7. On July 17, 2020 after a detention hearing, the Court entered an order detaining the defendant. ECF Nos. 17 and 19. The Grand Jury returned the indictment in this matter on August 5, 2020. ECF No. 1.

2.      The 70-day speedy trial clock commenced on that date and was set to expire on October 14, 2020. 18 U.S.C. § 3161(c)(1).

3.      The speedy trial deadline in this matter has since been tolled as follows:

| Date(s) | Event | Speedy Trial Provision | 70 Day-Deadline | Days Excluded |
|---|---|---|---|---|
| 8/5/20 | Indictment | § 3161(c)(1) | 10/14/20 | Start of Clock |
| 9/4/20 – 9/8/20 | Motion, ECF No. 26 | § 3161(h)(D) (pretrial Motion) | 10/18/20 | 4 Days |
| 9/9/20 – 9/15/20<br><br>9/11/20 – 9/15/20 | Motions, ECF Nos. 28 & 29 | § 3161(h)(D) (pretrial Motion) | 10/24/2020 | 6 Days |
| 9/15/20 | Order, ECF No. 31 | § 3161(h)(7)(A)(ends of justice) | 4/22/21 | 180 days |

4.      The defendant's motions to exclude 180 days from the speedy trial clock, docketed at ECF Nos. 26 and 29, set forth in detail the complicated nature of the case and the voluminous discovery that would have to be reviewed to afford the defendant adequate time to prepare for trial. Defendant's initial court-appointed counsel, Assistant Federal Public Defender David Johnson, diligently began reviewing that material.   Unfortunately, and through no fault of any of the parties, that review resulted in Mr. Johnson's filing of a motion to withdraw on October 27, 2020.   ECF No. 34 (motion) and ECF No. 35 (order granting withdrawal).

5.      Defendant's current counsel was appointed October 28, 2020, ECF No. 36, and has thus not had the full benefit of the Court's original 180 ends-of-justice continuance.   Current counsel immediately began to diligently review the provided discovery materials and to otherwise review other pressing issues related to the case.   Among the issues, for example, is a medical issue that complicates the circumstances of the defendant's detention.   On November

30, 2020, the defendant filed a motion to reopen the detention hearing. ECF No. 40. The issues were sufficiently complicated to require a hearing, which took place on December 8, 2020. ECF No. 49. Even then, lingering issues required litigation of yet another motion on December 23, 2020. ECF No. 51. Consideration of that motion resulted in a written opinion issued on December 31, 2020. ECF No. 54. In short, current counsel's diligent and zealous representation of the defendant required the preparation of motions related to detention that occupied much of November and December.

6. Since that time, defense counsel has continued to review the voluminous discovery in this case. As the government set forth in its filing of September 9, 2020, the record in this case comprises over 4,500 items (over 20,000 pages) including numerous audio-visual files, compiled from over a half-dozen state and local law enforcement agencies in Boulder, Jefferson, Broomfield, Adams and Denver Counties (and municipal authorities therein). The representations made in the defendant's September 11, 2020 motion were and remain accurate: this is not a "relatively straightforward" case and is, instead, a case involving an alleged complicated scheme with numerous alleged executions involving alleged victims in multiple states. ECF No. 29. Moreover, the prediction that "unique consideration" of the defendant's medical condition would consume time preparing for the case has been largely accurate, as set forth above. ECF No. 29 at 5.

7. The Speedy Trial Act, at 18 U.S.C § 3161(h)(7)(A), authorizes the Court to exclude time when it concludes that the ends of justice resulting from any delay outweigh the best interest of the public and the defendant in a speedy trial. The Court must make explicit findings justifying its reasoning, but it "need not articulate facts which are obvious and set forth

in the motion for the continuance itself." *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and citations omitted).   Among the factors that the Court may consider when weighing whether to exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm the moving party might suffer as a result of a denial of the continuance.   *United States v.* Toombs, 574 F.3d 1262, 1268-69 (10th Cir. 2009); United *States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).   Whether to grant a continuance is in the sound discretion of the court.   *Toombs*, 574 F.3d at 1262.

    8.      The parties seek an additional 60-day exclusion of time for the following reasons, each of which contributes to the conclusion that an exclusion is in the interests of justice:

    a.      Counsel for both parties and the defendant are diligently reviewing the facts and are exploring a pre-trial resolution of this case.   The requested additional exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have a reasonable time for the effective preparation of trial.   *See United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005) ("Periods of time devoted to negotiating plea agreements . . . may be excluded if the district court" determines that "the ends of justice served by [granting a continuance and excluding the time from the calculation] outweigh the best interest of the public and the defendant in a speedy trial").

b.      The parties are engaged in good faith plea negotiations that may result in a disposition of this matter without the need for a trial.   The defendant needs adequate time to review voluminous discovery, which includes thousands of pages of bank records, hundreds of pages of reports, and dozens of hours of recordings.   His review is complicated by his medical condition, which affects his vision. In addition, the defendant's detention makes it more difficult and time consuming for defense counsel to meet with, advise, and review the discovery with her client.   Once the defendant has had time to review these materials, the parties also need time to actually negotiate the details of a plea agreement that must take into account relevant conduct that may implicate the loss, grouping, and criminal history rules of the sentencing guidelines.   If no exclusion is granted, the parties would be required to present this case to a jury in just over four weeks.   However, as a practical matter, because defense counsel would need time to thoroughly analyze the discovery in this matter, decide whether any motions are meritorious, and prepare such motions (which are due on March 26, 2021), the parties have considerably less time than that to actually negotiate a plea.   Separate and apart from motions, the window of time to negotiate a plea agreement is also quite narrow because, as the government has stated in prior filings, the existing charges are but one narrow example of the much larger scheme.   If no continuance is granted, the government would need to seek a superseding indictment to properly frame full scope of the conduct for consideration by a petit jury.   Not excluding time would potentially consume the scarce resources of the grand jury by consuming resources that could, instead, be saved by giving the parties more time to negotiate a plea that thoughtfully

resolves the defendant's various criminal liabilities without the need for a superseding indictment. Without the exclusion of time, defense counsel is certain that she would not be able to provide effective assistance of counsel to the defendant, despite the exercise of due diligence. *See* 18 U.S.C. § 3163(h)(7)(B)(iv); *United States v. Gonzales*, 137 F.3d 1432, 1435 (10th Cir. 1998) ("Adequate preparation time is a clearly permissible reason for granting a continuance and tolling of the Speed Trial Act."). Indeed, as set forth above, the Court granted 180 days to the initial defense counsel, but current defense counsel — being assigned the case approximately 43 days after that motion and without the benefit of having already worked through detention litigation — has not had the full benefit of that exclusion. For all of these reasons, the parties assert that the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful plea and to avoid the miscarriage of justice that would result from otherwise hasty motions practice or an unnecessary superseding indictment.

c.     Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, and the Court. Without the exclusion, the government would be forced to begin preparing the case for trial and the defendant would need to prepare motions and investigate possible defenses before the trial, all in circumstances where, given more time, the parties might be able to resolve the matter without burdening a jury. Such circumstances may also greatly affect plea discussions in the case by prematurely requiring the parties to prepare in a way that affects the advisory sentence under the United States Sentencing Guidelines. *See* U.S.S.G. § 3E1.1(b) (allowing for one-point reduction where timely plea permits the government to

avoid preparing for trial and permits the government and the court to allocate resources efficiently. Failing to grant the exclusion would require the Court to expend resources and time related to scheduling motions and case-related matters that may be mooted by a possible plea. Civilian witnesses — some of whom are elderly and at greater risk during the pandemic — would have their lives unnecessarily upended by a trial that could have been avoided by giving counsel more time to negotiate or, at the very least, a narrower trial thoughtfully prepared by diligent counsel working in good faith to evaluate the case under the law.

**Conclusion**

9. This court has broad authority to order the requested continuance. The parties' joint request is likely to conserve scarce judicial resources, provide for a thoughtful disposition that fully evaluates the defendant's conduct and any mitigating factors, and, failing that, provide time for focused and informative motions that ensure an efficient trial. For these reasons, the parties respectfully request that the court grant this motion and exclude an additional 60 days from the speedy trial computation, i.e. exclude 60 days from April 22, 2021 to June 21, 2021.

| | |
|---|---|
| MATTHEW T. KIRSCH<br>Acting United States Attorney | MARTHA H. ESKESEN, P.C. |
| */s/ Bryan David Fields*<br>Bryan David Fields<br>Assistant United States Attorney<br>United States Attorney's Office<br>1801 California St., Suite 1600<br>Denver, Colorado 80202<br>Telephone: (303) 454-0100<br>Facsimile: (303) 454-0404<br>E-mail: bryan.fields3@usdoj.gov<br>Counsel for the United States | */s/ Martha H. Eskesen*<br>Martha H. Eskesen<br>5445 DTC Parkway, Penthouse 4<br>Greenwood Village, CO 80111<br>Telephone:   (303) 486-6938<br>Facsimile:   (303) 573-4921<br>Email: meskesen@eskesenlaw.com<br>Counsel for Defendant |

**CERTIFICATE OF SERVICE (CM/ECF)**

       I hereby certify that on March 25, 2021, I electronically filed the foregoing **JOINT MOTION TO EXCLUDE AN ADDITIONAL 60 DAYS FROM THE SPEEDY TRIAL COMPUTATION IN THE INTERESTS OF JUSTICE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bryan D. Fields, Assistant U.S. Attorney
Bryan.fields3@usdoj.gov

       And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Shawn Michael Vencel            (via U.S. Mail)

                                         MARTHA H. ESKESEN, P.C.

                                         s/ Martha H. Eskesen
                                         Martha H. Eskesen
                                         5445 DTC Parkway, Penthouse 4
                                         Greenwood Village, CO 80111
                                         Telephone:    (303) 486-6938
                                         Facsimile:    (303) 573-4921
                                         Email: meskesen@eskesenlaw.com