UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 20-cr-00245-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHAWN MICHAEL VENCEL,

        Defendant.
_____

**RESPONSE AND OBJECTIONS TO
PRESENTENCE INVESTIGATION REPORT
(Doc. 69)**
_____

Defendant Shawn Michael Vencel, by counsel, pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure and D.C.COLO.LCrR 32.1B, submits the following Response and Objections to the Presentence Investigation Report (PSR) (Doc. 69) in the above-captioned matter. References to the page number are to the page number of the PSR as reflected at the bottom of the document rather than the page number reflected in the CM/ECF header at the top of the page.

### A. Sentencing Classification

Mr. Vencel does not object to the Advisory Guideline computation.

### B. Material Information

Mr. Vencel objects to or clarifies the following material information in the PSR:

**Cover Page, Release Status:** The PSR correctly states that Mr. Vencel appeared in federal court on a writ from the Boulder County Jail on July 14, 2020. However, it does not reflect as follows with respect to the two Boulder County Combined Court cases referenced in footnote 1 on this page:

    1.    Boulder County Combined Court records reflect that on June 4, 2020, the bonds in Case Nos. 19CR2174 and 19CR2396 were modified to personal recognizance bonds to enable Mr. Vencel to obtain medically necessary eye surgery that he and his counsel were attempting to coordinate.  *See* Minute Orders collectively attached as Exhibit A. However, the arrest warrant at Doc. 2 in the instant action prevented him from being released to obtain the surgery.

    2.    On November 24, 2020, Mr. Vencel was released on bond in Boulder County Combined Court Case Nos. 19CR2174 and 19CR2396 and, therefore, Boulder County relinquished its custody to United States Marshal Service.  *See* Appearance Bonds executed November 24, 2020, attached collectively as Exhibit B.  Thus, Mr. Vencel's primary custody as of November 24, 2020 has been federal in connection with this case and there should be 293 days presentence confinement as of sentencing.

In addition, as noted by the Probation Officer with respect to the time Mr. Vencel appeared in this Court on a writ from Boulder County Combined Court Case Nos. 2019CR2174 and 2019CR2396 (July 14, 2020 up to his release on bond on November

24, 2020), if either of these cases are dismissed, Mr. Vencel may receive credit for the time spent in presentence detention. The conduct in Case No. 2019CR2174 is charged in Count 3 of the Indictment filed August 5, 2020 (Doc. 1). The conduct in Case No. 2019CR2396 is, for the most part, captured as relevant conduct in this case. *See* Plea Agreement (Doc. 67), pp. 10-13, ¶¶ 23-24.

**Page 2, Identifying Data:** Mr. Vencel reports that the social security number listed as an alternate id is not a number has ever used for legitimate or illegitimate reasons. The last four numbers are one number off from his assigned social security number and is likely an error and appears in law enforcement records for that reason.

**Page 17 through 18, ¶ 81:** The PSR states the defendant was represented by counsel. Denver County Court records reflect that, when the defendant entered his plea to the offense on May 21, 2014, he was <u>not</u> represented, as he had indicated at the previous appearance in the case on April 11, 2014 that he wished to represent himself and the Court administered an <u>Arguello</u> advisement to him. Counsel later first entered 1the case on October 2, 2014 in connection with a revocation proceeding. *See* Register of Actions attached as Exhibit C at page 6 of 7.

**Pages 20 through 23, ¶¶ 89 – 97:** These paragraphs of the PSR reflect multiple pending cases against Mr. Vencel in Boulder, Denver, and Douglas counties. Mr. Vencel is represented in all the cases and they will be resolved after sentence is

---

[1] The Register of Actions reflects undersigned counsel is counsel of record. Counsel filed an Entry of Appearance in the case in 2021 in order to obtain access to the court file. Counsel did not previously represent Mr. Vencel in the case.

imposed in the instant action.  With respect to the cases described in paragraphs 95 nd 96, as stated in page 2 of this filing, Mr. Vencel posted bond on November 24, 2020.[2]

**Page 24, ¶106:**  Mr. Vencel's goal is not only to hug his daughter but "to be a good parent, make up for lost time, and to be a functioning member of society."

**Page 25, ¶ 110:**  At the time of the PSR interview, Mr. Vencel expressed to the Probation Officer that he would request a designation to a BOP facility in Colorado to be near his family.  However, because of his medical issues, he would like to be designated to a Federal medical facility, preferably Springfield, MO.  This facility offers the Residential Drug and Alcohol Program ("RDAP"), and Mr. Vencel wants to participate in and would benefit greatly from RDAP while having his medical needs met.

**Page 27, ¶ 132:**  Mr. Vencel reports he has completed 240 hours of educational courses while in pretrial detention at FDC Englewood as well as two courses ("Talking with your Doctor" and "K2 Awareness."  Proof of his participation in these educational courses is pending.

**Page 28, ¶ 135:**  Mr. Vencel did not remain home because Melissa earned considerable income.  Rather, he stayed at home because they did not have anyone to take care of their daughter after Melissa got home from her work and Mr. Vencel had to leave for his work. Melissa worked nights and Mr. Vencel cared for their daughter while

---

[2] As set forth above, Boulder County Combined Court records reflect that on June 4, 2020, the bonds in these cases were modified to personal recognizance bonds to enable Mr. Vencel to obtain medically necessary eye surgery that he and his counsel were attempting to coordinate.  However, the arrest warrant at Doc. 2 in the instant action prevented him from doing so.

she was at work.  When Melissa came home from work, Mr. Vencel would have to leave for work.  He was then working at a construction photography company.  The couple jointly decided it would be best for Mr. Vencel to remain at home to care for their daughter while Melissa slept when she returned home from work.

**Page 30, ¶ 155 and 156:**  The Probation Officer has not addressed restitution other than to provide a victim impact statement attached to the PSR as Exhibit B (Doc. 69-2).

The government has not yet provided restitution documentation or figures which, as to many of the transactions set forth in the PSR at pages 5 through 8, ¶ 20, are required to adequately address restitution.  Under 18 USC § 3664, all criminal restitution orders must be supported by evidence of actual loss.  Without restitution documentation or figures as to many of the transactions set forth in the PSR at pages 5 through 8, ¶ 20, the parties cannot address restitution.  Indeed, for some of the transactions, there is no actual loss.  For example, the Goldman Sachs and Sallie Mae loan applications submitted April 4, 2019 were not approved, no funds were paid to Mr. Vencel, and there was no actual loss.  Mr. Vencel will otherwise address restitution in a separate filing in accordance with D.C.COLO.LCrR 32.1.

**Pages R-1 through R-5, Sentencing Recommendation:**  Mr. Vencel will submit a separate filing addressing the Sentencing Recommendation and his sentencing request as well as other matters that were not included in the PSR.

Dated: August 23, 2021          MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone: (303) 486-6938
Facsimile: (303) 573-4921
Email: meskesen@eskesenlaw.com

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 23, 2021, I electronically filed the foregoing **RESPONSE AND OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT (DOC. 69)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bryan Fields, Assistant U.S. Attorney
Bryan.Fields3@usdoj.gov

Michelle Means, U.S. Probation Officer
Michelle_Means@cod.uscourts.gov

And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Shawn Michael Vencel (via U.S. Mail)

MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone: (303) 486-6938
Facsimile: (303) 573-4921
Email: meskesen@eskesenlaw.com