UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 20-cr-00245-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHAWN MICHAEL VENCEL,

        Defendant.
_____

## DEFENDANT'S AMENDED SENTENCING MEMORANDUM
_____

Defendant Shawn Michael Vencel, by counsel, submits this Amended Sentencing Memorandum with his sentencing requests in advance of the Sentencing Hearing set for September 13, 2021 at 9:00 a.m.  **This filing is submitted to correct inadvertent errors in Defendant's Sentencing Memorandum filed September 3, 2021 at Doc. 80.  Specifically, errors on pages 4, 6 and 9 of the filing have been corrected as they appeared in bold font below.**

### Procedural History

On August 5, 2020, Mr. Vencel was indicted for Mail Fraud (18 U.S.C. § 1341) (Count 1), Aggravated Identity Theft (18 U.S.C. § 1028A) (Count 2), and Obtaining a Controlled Substance by Fraud (21 U.S.C. § 843(a)(3) and (d)(1)) (Count 3.  (Doc. 1). On May 17, 2021, he pled guilty, pursuant to a written plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B), to each of these charges.  (Doc. 67).  As part of the

plea, Mr. Vencel agrees to pay restitution to the victims as determined by the Court and a limited appellate waiver.  The government agrees to file no other federal criminal charges against Mr. Vencel arising from the conduct described in the Stipulation of Facts in the Plea Agreement and to recommend the full reduction (3-levels) for acceptance of responsibility.  *See id.*

The Presentence Investigation Report ("PSR") provides that the Total Offense Level is 20 and that Mr. Vencel's Criminal History Category is III.  *See* PSR (Doc. 72), ¶¶ 70, 78.  This results in a guideline range of 41 to 51 months as to Counts 1 and 3. Combined with a mandatory, consecutive sentence of 24 months for Count 2, the resulting recommended sentence would be 65 to 75 months.

Mr. Vencel requests the Court impose a sentence of 68 months (44 months on Counts 1 and 3, followed by 24 months on Count 2) and asserts such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

**Factual Background**

The essence of Mr. Vencel's crimes is straightforward.  Using other people's names, Social Security numbers, and dates of birth, Mr. Vencel obtained and attempted to obtain loans, vehicles, and property.  Had he been successful, the losses would have well exceeded $1,000,000.  He also obtained, or attempted to obtain, multiple oxycodone pills by using forged prescriptions.  His activities have resulted in multiple prosecutions in Colorado state courts and this federal criminal action.  The Plea

Agreement (Doc. 67) and PSR (Doc. 72) lay out the facts in detail and there is no need to repeat them here.

Mr. Vencel has admitted his conduct and has cooperated to the best of his ability, with the government in its prosecution of this offense and determining restitution.

### A.  Mr. Vencel's History and Characteristics and Involvement in the Offense

Mr. Vencel was born on November 20, 1983 in Boulder, Colorado to Kimberly Brubaker and Joseph Vencel.  As noted in the PSR, his childhood was tumultuous and filled with neglect and substance abuse.  When he was eight months old his parents split up and his mother had custody of him.  She took him to a babysitter in Colorado Springs, Colorado, and never came back to pick him up.  The babysitter was able to contact his maternal grandmother (Faye Vencel) who went and picked him up.  Thereafter, he was raised by his maternal grandparents in Boulder.  Mr. Vencel considers them his parents although his grandfather passed away on November 24, 2019.

Mr. Vencel's mother currently resides in Arizona.  He reports he does not have a good relationship with her.  His father lives near Sterling, Colorado, and is very supportive of him.  He has a maternal half-brother, Cody Day, age 21, who lives in Hawaii.  They speak occasionally.

Mr. Vencel has never married.  He has had multiple relationships—the most recent has been on and off with Melissa French with whom he has a 4-year-old daughter, Paisley Vencel.  The relationship with Ms. French is strained.  He adores and

misses his daughter and shudders at the feelings evoked when he thinks of the harm that he has caused her, Ms. French and all those who he harmed by his actions.

Mr. Vencel grew up in Boulder and northeastern **Colorado**. He graduated from high school in Peetz, Colorado in 2002. In high school, he played and excelled in every sport. After high school, he went to pay baseball at Western Nebraska Community College. He then transferred to Northeastern Community College in Sterling, Colorado and then the University of Colorado at Boulder. It was in Boulder that he was first introduced to drugs. He dropped out his sophomore year and never completed a degree. He lived at his grandparents' home(s) in Boulder and lived a college student's life without the classes while financially supported by his grandparents. He lived in Australia in 2005 for approximately 6 months.

Mr. Vencel's passion was baseball. He started playing baseball again in 2007 in Denver for a team called the Denver Bulls. He was a pitcher. He played for approximately 2.5 years until he broke his arm while throwing a pitch. The injury required surgery and a 10-inch plate in his arm. This injury exacted a huge physical and mental toll on him and extinguished his hopes and plans to pursue a baseball career. He travelled to Costa Rica and lived there for 6 months.

When he returned from Costa Rica, Mr. Vencel first worked for a swimming pool company and then worked for Granite Depot. He experienced severe depression because of his injury, and he began to increasingly obtain painkillers, using them to self-

medicate. Mr. Vencel then began working for a construction company as a project manager. He was able to function, although he was using a significant amount of opiates.

Mr. Vencel met Melissa French on-line in 2014 and they began dating. They did not marry. In 2016, their daughter, Paisley, was born. The status of Mr. Vencel's relationship with Melissa is unknown; it is likely over. He has attempted and hopes to continue a relationship with Paisley.

Mr. Vencel has Keratoconus which is an eye condition caused by a deformed cornea. He underwent surgery on one eye while in custody and has been awaiting surgery (yet to be scheduled) on the other eye. If untreated, he could go blind.

Mr. Vencel's criminal record is lengthy and is not something for which he is proud. The Sentencing Guidelines have taken this into account in the sentencing guideline computation applicable to Mr. Vencel.

With respect to the instant offenses, Mr. Vencel initially was motivated by searching on the "dark web" for painkillers and learned he could purchase identities. It snowballed from there. He recognizes he has harmed many individuals and entities and has expressed remorse.[1]

Before his arrest/transfer to federal custody, Mr. Vencel was held in the Boulder County Jail in connection with the multiple criminal cases filed against him in the

---

[1] Notwithstanding his expressions of remorse, the government continues to assert he is unrepentant criminal who should receive the maximum sentence. *See* Doc. 79, p. 6, § C.

Boulder County Combined Courts. *See* PSR, ¶¶ 89-91 and 93-96. He had positive experiences with counselors with whom he met in programs available to him at that facility and, for the first time, acknowledged his addiction to opiates, and need to deal with it. He participated in and benefitted greatly from the counseling and treatment available to him there.

### B. Mr. Vencel's Post-Arrest Conduct and Cooperation

Mr. Vencel has been in continuous custody since December 2019. During this time, as previously stated, he has acknowledged and worked to address his substance abuse problem. In addition, he met with the government, candidly responded to questions, and was forthcoming about his criminal conduct. Notwithstanding his cooperation and acknowledgment of his criminal conduct, the government has not elected to seek a reduction in his sentence.

The Court may take into account under 18 U.S.C. § 3553(a), Mr. Vencel's post-arrest conduct and cooperation. Mr. Vencel's post-arrest conduct and cooperation demonstrate his desire and efforts to change his life and be responsible for the conduct he committed that has harmed so many others.

### C. The Proposed Sentence Does Not Create Unwarranted Disparities

When all the facts are considered, Mr. Vencel believes that a sentence of **68** months (**44** months on Counts 1 and 3 and the 24-month consecutive sentence on Count 2) is appropriate. It is not a sentence below the recommended sentencing

guideline range and is a reasonable deviation from the sentence recommended by the Probation Office and the sentence the government will request.

The requested sentence does not create unwarranted disparities because it is a within Guidelines sentence.  *See* 18 U.S.C. § 3553(a)(6).  Sentencing statistics reflect that the average sentence length for theft, property and fraud offenses[2] in fiscal year 2020 was 21 months and that the average guideline minimum and the average sentence imposed remained steady over the past five years.  United States Sentencing Commission, FY 2016 through FY 2020 Datafiles, USSCFY16-USSCFY20.[3]

### D.  The sentence should be adjusted to account for the time Mr. Vencel has spent in custody since December 2019 in the Boulder County Jail in connection with the cases which constitute relevant conduct to the instant offenses of conviction

As set forth in the PSR, Mr. Vencel is facing state charges for other offenses that are relevant conduct to the offenses of conviction in this case.  He has not yet been sentenced for those offenses and their disposition is unknown at this time.  Based on the information provided by the Probation Office with respect to Mr. Vencel's release status, he will not be credited by the Federal Bureau of Prisons for the time he has spent in custody in those cases.  Under these circumstances, Section 5G1.3 of the Sentencing Guidelines allows the Court to adjust a sentence to achieve a reasonable

---

[2] Theft, Property Destruction, and Fraud offenses include cases in which the offender was sentenced under § 2B1.1, as in this case.

[3] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Theft_Property_Destruction_Fraud_FY20.pdf

punishment for the instant offense, specifically in cases in which another offense is relevant conduct to the instant offense of conviction. Federal courts generally have discretion that the sentences they impose will run concurrently with or consecutively to other state sentences that are anticipated but not yet imposed. *See Setser v. United States*, 552 U. S. 38 (2012). Section 5G1.3 permits the sentencing court to adjust a sentence or to impose a sentence concurrently to an anticipated state sentence. Therefore, Mr. Vencel requests the Court take this into account at sentencing and impose a sentence that will account for his incarceration in connection with the instant offenses of conviction and relevant conduct that resulted in his incarceration since December 2019.

### E.  Additional Sentencing Considerations

The parties have reached a stipulation with respect to restitution. *See* Joint Stipulation Regarding Restitution, filed September 3, 2021 (Doc. 76). Mr. Vencel will further address the Joint Stipulation at sentencing as an error he pointed out with respect to the narrative prior to its filing was not addressed. Suffice it to say, he does not dispute the total figure in Doc. 76.

Mr. Vencel requests the Court recommend his participation in the Federal Bureau of Prisons Residential Drug and Alcohol Program. He understands that, to qualify for RDAP, he must have at least 24 months or more remaining to serve; present a verifiable, documented pattern of substance abuse or dependence within the 12-month period preceding arrest on the underlying offense; have no serious mental or cognitive

impairment precluding full program participation; and be halfway house-eligible. He further understands his participation in RDAP will be determined by the Federal Bureau of Prisons.

Mr. Vencel also recognizes that his designation will be determined by the Federal Bureau of Prisons. The Federal Bureau of Prison recognizes judicial recommendations. Based on his medical needs and the fact that the surgery that was recommended has not been completed, he requests a recommendation to the Federal Medical Center in **Springfiled, Missouri**.

Mr. Vencel will present further information at sentencing on September 13, 2021 in support of his sentencing requests.

DATED:  September 3, 2021            MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone:   (303) 486-6938
Facsimile:    (303) 573-4921
Email: meskesen@eskesenlaw.com

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 3, 2021, I electronically filed the foregoing **DEFENDANT'S SENTENCING MEMORANDUM** with the Clerk of the Court using the CM/ECF system which will send notification to:

Bryan D. Fields, Assistant U.S. Attorney
Bryan.fields3@usdoj.gov

And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Shawn Michael Vencel		(via U.S. Mail)

>	MARTHA H. ESKESEN, P.C.
>
>	s/ Martha H. Eskesen
>	Martha H. Eskesen
>	5445 DTC Parkway, Penthouse 4
>	Greenwood Village, CO 80111
>	Telephone:   (303) 486-6938
>	Facsimile:    (303) 573-4921
>	Email: meskesen@eskesenlaw.com